## STATE *v.* WILLIAM H. ARNOLD.

*Amendment of Indictment. Acts of* 1870, *No.* 5, *s.* 1. *Evidence.*

On trial of an indictment for adultery, the prosecution was allowed to amend the indictment, which described the *particeps* as Roxcena Whitney, by inserting after that name the words, "otherwise called Rosa Whitney." *Held*, that although the amendment was not made to cure "a defect apparent on the face of the indictment," as expressed in s. 1, No. 5, Acts of 1870, yet, as it did not vary the proof necessary to be made by the prosecution, nor exact other or more evidence of the respondent, nor vary the effect of the record as to the crime charged, the defect could only be regarded as formal; and that the amendment was properly allowed.

On trial of an indictment for adultery, the prosecution having given evidence tending to prove the commission of the act alleged on the day alleged, the respondent, in testifying in his own behalf, in answer to a question by his counsel as to whether on the day alleged, *or at any time after the alleged particeps was married,* he had made any improper advances to her, or had solicited or had intercourse with her, said, "*I never had in my life,* nor never made any improper words, nor talked with her anyway." The prosecution was then allowed to give evidence tending to show that he had had intercourse with her before her marriage. *Held*, admissible, both in rebuttal, and to show that respondent was unworthy of credit.

INDICTMENT for adultery. Plea, not guilty, and trial by jury, December Term, 1876, REDFIELD, J., presiding.

After the jury were empanneled, but before the trial commenced, the State's attorney moved for and obtained leave to amend the indictment by inserting therein after the words, " Roxcena Whitney," the alleged *particeps*, the words, " otherwise called Rosa Whitney " ; to which the respondent excepted.

The prosecution gave evidence tending to show the commission of an act of adultery by the respondent with said *particeps*, on June 11, 1876, at a certain place. The respondent introduced evidence tending to support the issue on his part, and to rebut the evidence on the part of the State, and testified in his own behalf. In the course of his examination in chief, his counsel asked him this question : " State if at any time on that day, *or at any other time since this woman was married,* you made any improper advances to her, or solicited intercourse with her, or had any sexual intercourse with her any way." To which the respondent an-

swered : " *1 never had in my life ;* nor never made any improper words, nor talked with her any way. My wife is here in the place—been in the court-house since I came in." It was proved that said Roxcena, otherwise called Rosa Whitney, was married, and the wife of James P. Whitney at the time of the alleged adultery.

In rebuttal, the prosecution offered evidence tending to show that the respondent had sexual intercourse with said *particeps* before her marriage to said Whitney, and while single. To the admission of this testimony the respondent objected ; but it was admitted ; to which the respondent excepted.

There was no proof that the respondent was ever married, except that he testified that he had a wife at the time of the alleged adultery.

*C. W. Clarke,* for the respondent.

The amendment was without authority of law. It cannot be claimed that it was allowable under the common law; but the statute, Acts of 1870, No. 5, s. 1, is relied upon. But the statute does not cover this case. It is exceedingly careful in the step it takes beyond the bounds of the common law, and choice and technical in the language employed, as follows : " Every objection to any indictment for any formal defect apparent on the face thereof, shall be taken by demurrer, * * * * before the jury shall be sworn." The objection here, if it may be said to be for a formal defect, was not for one apparent on the face of the indictment. But the amendment was not formal but material.

It was error to admit the testimony concerning former intimacy. The indictment alleged an act committed on a particular day, and on the trial the proof on the part of the State was confined to that day. On that the State rested. The testimony could not be used to fix a crime upon the respondent by that act, because it appears that the *particeps* was not then a married woman, nor does it appear that the respondent was then a married man. The testimony was offered to rebut the answer given by the respondent. But the evidence would not have been admissible if it had been offered by the State as original evidence, as one act only was

charged, and that in a single count. 2 Greenl. Ev. s. 47. And the question as put and the answer as given did not alter the rule as to that evidence. The State was restricted by the pleadings to certain limits as to time and circumstances and surroundings of these parties.

There was no proof that the respondent was a married man. The respondent's testimony was not sufficient proof of his marriage and of his having a wife living at the time alleged. The State was bound to prove a marriage in fact. In criminal cases, when the fact of marriage is to be established, reputation, conduct, and admissions of parties, come short of proof. Gen. Sts. c. 117, s. 1; 2 Bishop Crim. Law, 9, 10.

*D. A. Rogers*, State's attorney, for the State.

The amendment was properly allowed. It was not one of substance. It did not change the indictment as to the crime charged, nor as to the time when, the place where, nor the person with whom it was committed. *State v. Litch*, 33 Vt. 67; Acts of 1870, No. 5, s. 1.

The evidence offered by the State in rebuttal was properly admitted. The respondent having voluntarily testified to his character for chastity, particularly with the alleged *particeps*, it was proper for the prosecution to put in evidence to rebut it.

The opinion of the court was delivered by

BARRETT, J. The amendment was not for the purpose of curing a "formal defect apparent on the face of the indictment," as expressed in sec. 1, No. 5, Acts of 1870. The face of the indictment did not show any defect. The object of the amendment was to make the designation of the *particeps* consistent with evidence that might be given showing that she, whose name was, in fact, Roxcena, was called for short, Rosa. In order to maintain the indictment, it was necessary to identify the person with whom the respondent committed the criminal act as being Roxcena, however she might be called. So the amendment was of doubtful necessity, to say the best of it. The adding of, " otherwise called Rosa," would not relieve the necessity of proving the person

designated to be Roxcena, though some witnesses might know and designate her only by the name of Rosa. The person called Rosa must turn out to be the same as Roxcena. This amendment, therefore, would not vary the proof necessary to be made by the prosecution, nor exact other or more evidence in order to maintain the defence. Nor would it vary the record in its effect, as showing the precise crime charged and adjudicated. The amendment was not to avoid the effect of having designated the *particeps* by a wrong name, but to render the averment of the *particeps* consistent with evidence of her being called Rosa, while her name was in fact Roxcena. We think no error was committed in allowing the amendment. If it had varied the requirements of the law as to proof on either side, adversely to the respondent, or had varied the effect of the record as identifying the party and the crime covered by the adjudication, it would have been error to allow it.

It is to be noticed that the exceptions show as matter of proof, that she was known by both names, and state that " it was proved that the said Roxcena, otherwise called Rosa Whitney, was married," &c. As said by WOODRUFF, J., in *Kennedy* v. *The People*, 39 N. Y. 250, the *alias* " does not indicate that different persons are intended, but in pleading, both in civil and criminal actions, that the names mentioned are different descriptions of the same person."

While the defect, if it be a defect, designed to be cured by the proposed amendment, was not " apparent on the face of the indictment," and could only appear when the evidence should be given, still, it must be regarded as " *a formal defect*." As already shown it was not a defect in such a sense as to cause the requirement as to proof to be varied, to the prejudice of the defendant, by the amendment if made. By the statute 14 and 15 Vict. c. 100, s. 1, such an amendment as was allowed in this case is specially provided for. Its language is, " Whenever on the trial of any indictment for any felony or misdemeanor, there shall appear to be any variance between the statement in such indictment and the evidence offered in proof thereof, in the name of any county, * * * or in the Christian name or surname, or both

Christian name and surname, of any person or persons whomsoever therein named or described, it shall be lawful for the court, if it shall consider such variance not material to the merits of the case, and that the defendant cannot be prejudiced thereby in his defence on such merits, to order such indictment to be amended," &c. Sec. 25 of that statute is the same as sec. 1, No. 5, of our statute of 1870. In Roscoe's Crim. Ev. 207, it is said: "It probably was not intended by sec. 25 to increase the power of amendment given by sec. 1, but merely to prevent formal defects apparent on the face of the indictment being taken advantage of after verdict, by motion in arrest of judgment or otherwise." The term, "formal defect apparent on the face of the indictment," is rather indefinite. Probably it would be held to mean such formal defects as may be amended by virtue of sec. 1. We have thus referred to the English statute, and quoted the remark in Roscoe, as bearing on what is to be regarded as *formal* defects, and thus being the subject of amendment under those statutes. It is obvious, without illustration, that a defect that does not affect the merits of the case, or the evidence necessary to be given to maintain the indictment, as is true in the case before us, can be regarded as only formal.

The evidence given by the prosecution in rebuttal, to the admission of which exception was taken, was properly admitted. The respondent had volunteered to testify beyond the scope of the question put to him by his counsel. He did it on his own responsibility as to the legal consequences that might ensue. What he stated was not foreign to the subject in litigation. He designed it to operate beneficially to himself as matter of fact, as showing the unlikelihood of his having done the act charged against him. In this view, it was proper to show the fact to be not as he testified. The prosecution had not opened the subject. So it is needless to debate whether it would have been proper to give such evidence in chief as was given in rebuttal. But when the respondent introduced in defence the matter of his *non-access* as he did, it was proper for the prosecution to meet it by counter evidence. The evidence in rebuttal was also proper by way of contradicting the respondent, and thus affecting his credit as a

witness testifying in his own favor. As before said, he testified as he did, about never having had to do with the alleged *particeps*, for the purpose of helping his defence. So, what he thus testified was made by him a proper subject for contradiction, by way of impeaching his credit as a witness. In this respect he stands in a position peculiar to a respondent who becomes a witness, differing from that of a witness who is not at the same time a party. If the same testimony had been elicited by the question, it would not be for him or his counsel to say that it might not be met by counter evidence. Having volunteered it, it stands for the same consideration as if it had been elicited by the question. He took the risk of acting for himself beyond the limits indicated by his counsel in the question put.

The exceptions do not show any question made or saved as to the proof of respondent's being a married man at the time of the alleged adulterous act. So the subject is not considered.

The exceptions are overruled, and judgment affirmed.