STATE v. TIMOTHY J. MURPHY.*

*Criminal Law. Information. Amendment. Allegation of Time under a Scilicet.*

1. The state's attorney filed an information under the liquor law against the respond-ent, as "Thomas J.," for maintaining a nuisance. The respondent pleaded in abatement that his name was "Timothy J." *Held*, that the information was amendable.
2. An information alleging the offence to have been committed, "heretofore, to wit, on the 17th day of September, A. D. 1881," is sufficient, on motion in arrest of judgment.
3. R. L. ss. 3836, keeping a nuisance ; 3865, form of complaint ; 3857, amendment of complaints, &c., construed.

INFORMATION filed by the state's attorney against the respondent for maintaining a nuisance. Trial by jury, September Term, 1881, REDFIELD, J., presiding. Verdict, guilty. The case is stated in the opinion.

*Clarence H. Pitkin*, for the State.

*Heard August Term, 1882.

State *v.* Murphy.

*Geo. W. Wing*, for the respondent.

The opinion of the court was delivered by

Ross, J.  I.  The state's attorney filed an information against the respondent by the name of Thomas J. Murphy, under s. 3836, R. L., for keeping and maintaining a nuisance.. To this information the respondent filed a plea in abatement alleging that his name is Timothy J. Murphy, and not Thomas J. Murphy.  The court allowed the state's attorney, on his motion, to amend the information by substituting Timothy in the place of Thomas, and overruled his plea.  To this the respondent excepted.  This exception is not maintainable.  We do not place the decision upon s. 3865, R. L., which prescribes the form for complaints under s. 3836, and declares that the same may be amended either in form or substance at any stage of the proceedings.  No doubt in the general term " complaints " the legislature intended to include informations and indictments for offences against that section of the statute.  No good reason can be assigned why the power to amend should be confined to complaints rather than informations and indictments for the same offence.  But complaints have a well defined meaning and so have informations and indictments in practice, and as used in the statute.  In construing a criminal statute, we prefer to keep within the language so long as there is no necessity to go beyond it, and to leave to the Legislature the work of making clear that they mean to give the court the same power to amend informations and indictments for offences against s. 3836, that it has confered to amend complaints.  Hence,we do not decide whether the information was amendable under this section.  By s. 3857, power is conferred upon the court to amend " complaints, informations or indictments " founded on the provisions of chapter 169, which contains s. 3836, except as to matter of substance. The name of the person charged is not a matter of substance.  It can only be taken advantage of by plea in abatement.  As said by the court in *Turns* v. *Commonwealth*, 6 Met. 224: " The issue for the jury of trials is not what is the individual's name, but whether the person who has pleaded in chief on his arraignment is guilty of the offence charged upon him.  The conviction, there-

fore, must follow the indictment. The exception can be taken only in abatement." It could not be reached by demurrer. *Scott* v. *Soons*, 3 East, 111. It, at most, is a formal defect within the scope of *State* v. *Arnold*, 50 Vt. 731. Such defects and greater in informations were amendable at the common law. Says Mr. BISHOP in his work on Criminal Procedure, vol. I, s. 611: " On matters of amendment the information stands at the common law on entirely different ground from the indictment. The public officer by whom the information is presented and prosecuted being always in court, it may be amended on his application to any extent which the judge deems to be consistent with the orderly conduct of judicial business with the public interests and with private rights. . . . If the defendant has objected to something by plea in abatement, it may be amended to cure the defect." This statement of the power to amend informations at the common law is fully supported by authorities. *Reg.* v. *Stedman*, 2 Lord RAYMOND, 1307 ; *Rex* v. *Seawood*, Ib. 1472 ; *Rex* v. *Harris*, 1 Salk. 47 ; *State* v. *Weare*, 38 N. H. 314. We do not think that s. 3857, was intended to lessen the power of the court at the common law to amend for defects in informations not of substance. Both by this section of the statute and at the common law the court had power to allow the amendment to be made.

II. After verdict the respondent filed a motion in arrest of judgment and sentence, because the information, although following the form prescribed in s. 3865, alleges the time at which the offence is charged to have been committed, in this language, " heretofore, to wit, on the 17th day of September, A. D. 1881." The court overruled the motion, to which the respondent excepted. Lord Ch. J. HOBART, in *Stukeley* v. *Butler*, Hob. 172, speaking of the use of a *videlicet* or *scilicet*, says : " Her natural and proper use is to particularize that that is before general, &c., or to explain that that is doubtful or obscure." Hence, to make application of this definition, which has been copied into most of the elementary works, the information charges that the respondent, " heretofore," —a general term,—" to wit " that is, to be particular or definite, " on the 17th day of September, A. D. 1881," &c. This is charg-

ing the commission of the offence at a definite and particular time. In 1 Bish. Crim. Proceed. s. 257, it is said : " when the precise time is material and enters into the substance of the description of the offence, there the time, &c., though laid under a *scilicet*, is conclusive and traversable, and it will be intended to be the true time and no other." The information was not lacking in substance in this respect, and sufficient when encountered by a motion in arrest. The court properly overruled the same.

The result is that the respondent takes nothing by his exceptions, and the same are overruled, and judgment rendered on the verdict.