COMMONWEALTH *vs.* INTOXICATING LIQUORS, NICK PAPPAS, claimant.

Essex.    March 25, 1926. — May 24, 1926.

Present: BRALEY, CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Jurisdiction.  District  Court.  Superior  Court.  Intoxicating  Liquors. Search and Seizure.*

A judge of a district court in 1923 had no power nor authority under St. 1923, c. 469, to preside in the Superior Court at the trial of a complaint for seizure and forfeiture of intoxicating liquors alleged to have been kept to be sold unlawfully, where the return of the warrant for seizure,

issued as a part of the proceedings, showed that the value of liquor and containers seized exceeded $1,000 in value, since a district court did not have original jurisdiction to dispose of such complaint.

COMPLAINT, received and sworn to in the District Court of Peabody on June 29, 1923, for search, seizure and forfeiture of intoxicating liquors alleged unlawfully to be kept for unlawful sale.

Proceedings in the District Court and on removal to the Superior Court are described in the opinion. In the Superior Court, the complaint was tried on September 2, 1923, before *Hayes*, J., a judge of the district court sitting in the Superior Court under St. 1923, c. 469. After the findings described in the opinion, the claimant alleged exceptions.

In this court for the first time the question, whether a judge of a district court then had authority to sit in the Superior Court at the trial of the complaint in question, was raised.

The case was submitted on briefs.

*J. N. Johnson, W. H. Fay, & R. L. Cummings*, for the claimant.

*W. G. Clark*, District Attorney, *E. F. Flynn*, Assistant District Attorney, *& F. E. Raymond*, Assistant District Attorney, for the Commonwealth.

SANDERSON, J. Intoxicating liquors with the vessels in which they were contained were seized on the premises occupied by Nick Pappas at 133 Andover Street, in Peabody, upon a warrant issued from the District Court of that city. The complaint, which is made a part of the record, stated that the complainants believed and had reason to believe that liquors of the kinds and in excess of the quantity seized were kept and deposited by John Doe, of Peabody, in a certain tenement, to wit, a certain dwelling house (including barns and other buildings therein named within the curtilage thereof) numbered 133 Andover Street, in Peabody, and occupied by John Doe as a place of common resort, and that the liquors were kept for sale by him in violation of law; and contained a prayer for forfeiture, and for a summons to John Doe and all other persons claiming an interest in the liquors, to show cause why they should not be forfeited. One of the

complainants made the oath required to authorize the search of a dwelling house. The return on the warrant shows that the officer searched the premises described and seized and conveyed to a place of security the liquors described therein and the vessels, giving a description of the quantities and kinds. Upon the return of this warrant, the court, after examination, found that the liquors and vessels exceeded $1,000 in value, and ordered that notice be given in accordance with the provisions of statute to the "within-named John Doe and all other persons claiming any interest in said liquors, or vessels" to appear at the Superior Court to show cause why they should not be forfeited. The officer made return of the warrant to serve notice that he had made service as therein directed. This notice was addressed to John Doe of Peabody and to any and all other persons claiming an interest in the liquors seized. The day after the seizure personal service was made on Nick Pappas, who appeared as a claimant and was made a party. The officer's return stated that service had been made as therein directed by giving in hand to the person named in the notice as being the person charged therein with being the keeper of the liquors.

The jury, upon issues submitted to them, found (1) that the person described as John Doe in the complaint and warrant was a person for whom a fictitious name was used; (2) that Nick Pappas was the real name of the person described in the complaint and warrant; (3) that the liquors actually seized were the same liquors as were complained against; (4) that all of the liquors and vessels containing the same, described in the complaint and seized under the warrant in this case, were at the time of making the complaint owned by Nick Pappas; and (5) that all the liquors and vessels containing the same and seized under the warrant in this case were kept, used and deposited by said person as alleged in said complaint for the purpose of being sold and used in violation of law.

The exceptions taken at the trial were based upon motions to dismiss, and to dismiss and quash, objections to evidence, motion for issues, objections to issues, motion that the

liquors be returned, requests for rulings, and exceptions to the charge and to the order for the forfeiture of the liquors. The question, whether the District Court judge had authority to sit in the case, was raised for the first time in this court, but as it relates to the jurisdiction of the court over the subject matter, it may be raised at any stage of the proceedings. *Eaton* v. *Eaton*, 233 Mass. 351, 364. *Attorney General* v. *Tufts*, 239 Mass. 458, 481. *Commonwealth* v. *Andler*, 247 Mass. 580.

St. 1923, c. 469, is entitled an act to provide for the more prompt disposition of criminal cases in the Superior Court, and provides that a justice of a district court shall sit in the Superior Court at the trial or disposition, with or without a jury, in any part of the Commonwealth of any violation of the liquor law, as well as of other violations of law therein mentioned, and shall have and exercise all the powers and duties which a justice of the Superior Court has and may exercise in the trial or disposition of such case. A district court has authority to try and decide the question involved in an order for the forfeiture of liquors and vessels seized if their value does not exceed $1,000, but if in the opinion of that court the value of the liquors and vessels seized exceeds $1,000 the case is sent to the Superior Court for further proceedings and that court alone has jurisdiction.

In considering the scope and purpose of the act (St. 1923, c. 469) this court said that prosecutions for all the violations of criminal law designated therein are "within the final jurisdiction of district courts . . . . The judges of the district courts when sitting in the Superior Court are not created judges of the Superior Court for the time being. They cannot be or become other than judges of district courts according to their respective commissions. The offences which may be tried and the sentences which may be imposed by district court judges sitting in the Superior Court under the statute are those within the original and concurrent jurisdiction of district courts under G. L. c. 218, §§ 26, 27. The jurisdiction over offences is not enlarged . . . . The effect of the statute is that district court judges are empowered, when so called on, to use the machinery of the

Superior Court with which to try and dispose of cases within the general jurisdiction of district courts. . . . the judges continue to act as district court judges with the added force given to their judicial conduct by the statute." *Commonwealth* v. *Leach*, 246 Mass. 464, 469, 475, 476. This interpretation of the scope of the act finds confirmation in the phraseology of later legislation on the same subject. See St. 1924, c. 485.

It follows that the District Court judge had no jurisdiction to act in the trial of this case which involved the forfeiture of liquors exceeding $1,000 in value, and for that reason the case is to stand for retrial. There is nothing inconsistent with the conclusion here reached in *Commonwealth* v. *Certain Intoxicating Liquors*, 253 Mass. 581.

The remaining questions argued have not been passed upon for the reason that many of them may not arise again or they may appear in a different form upon a retrial of the case.

*Judgment of forfeiture reversed.*
*Case to stand for trial.*