COMMONWEALTH *vs.* JERRY GEDZIUM.

Middlesex.    April 4, 1927.— May 19, 1927.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Homicide. Practice, Criminal,* "John Doe" proceedings, Recording defendant's true name under G. L. c. 277, § 19, View. *Grand Jury. Pleading, Criminal,* Indictment. *Evidence,* Competency. *Constitutional Law.*

Art. 5 of the Amendments to the Constitution of the United States does not govern the actions of the several States but only those of the Federal government.

G. L. c. 277, § 19, does not authorize the amendment of an indictment but merely authorizes, in the circumstances therein described, an amplifica-

tion of the record subsequent to the indictment to make it specific as to the real name of the defendant.

An indictment charged "that John Doe, Richard Roe and Richard Doe, whose other and true names and more particular descriptions of whom are to said Jurors unknown," committed murder. *Held,* that there was nothing in such a record warranting a conclusion that the grand jury in framing the indictment did not follow the terms of G. L. c. 277, § 19; and the assertion by the grand jury that they did not know the true names of the defendants and were unable to give any more particular descriptions of them must be presumed to be true.

While elementary characteristics of the grand jury, even that relating to the secrecy of its proceedings, are not to be extended so far as to constitute perversions of the principle on which those characteristics rest, it was not the purpose of the Constitution of the Commonwealth in art. 12 of the Declaration of Rights to render binding upon the Legislature for all time minor details or unessential formalities in connection with the grand jury which do not affect its vital characteristics.

Section 19 of G. L. c. 277 is not a violation of art. 12 of the Declaration of Rights.

A fictitious description of an actual person by a grand jury in an indictment, when that is the best description obtainable, if authorized by legislative enactment does not violate the provisions of art. 12 of the Declaration of Rights.

There being nothing in the record as to the indictment above described to warrant the inference that the grand jury, in framing the indictment, did not use all the information within its reach in describing the defendant, and did not have in mind a particular person, of whom no better description could be given than a fictitious name, it could not rightly be construed as an indictment in blank, usable at will against any member of the community.

In order for a motion under G. L. c. 277, § 19, to have effect, it must be allowed by the court, and such an allowance when made presupposes the finding by the court of all the facts essential thereto, to the end that no injustice be done to any defendant.

The ordering by the judge, presiding at the trial of a murder alleged to have been committed in Cambridge, of a view by the jury which included not only the scene of the alleged murder in Cambridge but also places in another county thought to be relevant to the charge against the defendant, is within the discretionary power of the judge.

At the trial of the indictment above described, there was no error in the admission of testimony of a witness that he had known a certain woman, whose identity was a material issue, for two years and had known her also under another name and had received information from the woman herself that she was known under both names.

INDICTMENT, found and returned on October 9, 1925, for the murder of Edward C. Ross on September 29, 1925.

On August 25, 1926, the district attorney moved "that in the above entitled case, the true name of the defendant in-

dicted under the name of John Doe having been discovered to be Jerry Gedzium, that the name Jerry Gedzium be entered on the record and used in subsequent proceedings, with a reference to the fact that said Jerry Gedzium was indicted by the name of John Doe as mentioned in the indictment." The motion was allowed.

The record states that, "it appearing to the court that the said indictment charged the said defendant with a crime punishable with death, the said Gedzium was served with an attested copy of the indictment and of the order of the court thereon," which was that, the indictment "being returned by the Grand Jury into court here, and it appearing to the court that the said indictment charges the said Jerry Gedzium, who was indicted by the name of John Doe, with a crime punishable with death, it is, on this eighth day of September, 1926, being the second day of said sitting, ordered by the court here, that the said Jerry Gedzium be held in the custody of the sheriff of said county of Middlesex to answer to said indictment at the said Superior Court, and that the said Jerry Gedzium be notified that said indictment will be entered forthwith upon the docket of said Superior Court, by causing him to be served with an attested copy of said indictment with this order thereon, as soon as conveniently may be."

The clerk thereupon entered in the record the following: "This indictment, being for a crime punishable with death, and having been returned by the grand jury into court here, at the present sitting thereof, I hereby enter the same, together with the orders of this court thereon, upon the docket of said Superior Court for said county of Middlesex, there to be proceeded upon according to law." An attested copy of the indictment and of the above order then were served upon Gedzium.

A motion to quash the indictment described in the opinion was heard by *Lourie,* J., and was denied. The defendant was placed on trial on November 15, 1926. On November 24, 1926, he was found guilty of murder in the first degree. The appeals and the assignment of alleged errors, described in the opinion, were filed on February 28, 1927.

*W. E. Weeks,* for the defendant.

*F. A. Crafts,* Assistant District Attorney, for the Commonwealth.

RUGG, C.J.   An indictment was returned by the grand jury presenting "that John Doe, Richard Roe, and Richard Doe, whose other and true names and more particular descriptions of whom are to said Jurors unknown," committed murder as therein specified. Subsequently the district attorney moved, "the true name of the defendant indicted under the name of John Doe having been discovered to be Jerry Gedzium, that the name of Jerry Gedzium be entered on the record and used in subsequent proceedings, with a reference to the fact that said Jerry Gedzium was indicted by the name of John Doe as mentioned in the indictment." The motion was allowed by the court. This indictment was returned and the motion was granted in accordance with the terms of G. L. c. 277, § 19. That section is in these words: "If the name of an accused person is unknown to the grand jury, he may be described by a fictitious name or by any other practicable description, with an allegation that his real name is unknown. An indictment of the defendant by a fictitious or erroneous name shall not be ground for abatement; but if at any subsequent stage of the proceedings his true name is discovered, it shall be entered on the record and may be used in the subsequent proceedings, with a reference to the fact that he was indicted by the name or description mentioned in the indictment." Thereafter, pursuant to G. L. c. 277, § 65, return of service of copy of the indictment was made by the sheriff to the effect that he had "notified the within named Jerry Gedzium, who was indicted by the name of John Doe, . . . by giving to him in hand an attested copy of the indictment . . . ."

The defendant was permitted to withdraw his general plea and to file a motion to quash the indictment on the grounds that it did not allege what person had committed the crime, that it did not allege that the defendant had committed the crime, that it did not disclose the identity of the person charged with crime, that it did not comply with the requirements of G. L. c. 277, § 19, and that it violated art. 5

of the Amendments to the Constitution of the United States and arts. 12 and 14 of the Declaration of Rights of this Commonwealth.

Art. 5 of the Amendments to the Constitution of the United States may be dismissed from consideration because that amendment does not govern the actions of the several States but only those of the Federal government. *Commonwealth* v. *Hitchings,* 5 Gray, 482, 485. *Commonwealth* v. *Wilkins,* 243 Mass. 356, 361, and cases there collected. *Tapper* v. *Boston Chamber of Commerce,* 249 Mass. 235, 240. *Spies* v. *Illinois,* 123 U. S. 131, 166.

If it were not for G. L. c. 277, § 19, plainly the indictment would have been insufficient. It was held in *Commonwealth* v. *Crotty,* 10 Allen, 403, with respect to a warrant in form similar to the indictment in the case at bar, that it was void and that, when the name of a party was unknown, the best description possible of the person must be given and one sufficient to indicate clearly on whom it is to be served, "by stating his occupation, his personal appearance and peculiarities, the place of his residence, or other circumstances by which he can be identified." To the same effect is *West* v. *Cabell,* 153 U. S. 78. See *Ex parte Bain,* 121 U. S. 1, *Rex* v. *Hood,* 1 Moody, C.C. 281, 289, *Duffy* v. *Keville,* 16 Fed. Rep. (2d) 828, *United States* v. *Doe,* 127 Fed. Rep. 982, 983.

It is to be observed that the statute here attacked does not authorize the amendment of the indictment. It is certain that in the absence of an enabling statute an indictment cannot be amended. *Commonwealth* v. *Mahar,* 16 Pick. 120. *Ex parte Bain, supra.* Compare *Commonwealth* v. *Holley,* 3 Gray, 458. The indictment in the case at bar was not amended. It remains precisely as returned by the grand jury. The record subsequent to the return of the indictment is amplified and made specific as to the real name of the defendant. The procedure is somewhat analogous to specifications required by G. L. c. 277, § 40, which must be furnished as matter of right and which must be read with the indictment for a full description of the crime charged. *Commonwealth* v. *Farmer,* 218 Mass. 507, 509. *Common-*

*wealth* v. *Howard*, 205 Mass. 128, 145. *Commonwealth* v. *Peakes*, 231 Mass. 449, 456.

There is nothing in the record to warrant the conclusion that the grand jury in framing the indictment in the case at bar did not follow the terms of said § 19. The defendant was described by a fictitious name. It does not appear that any other description of his personality was practicable. It is stated in the indictment that the grand jury did not know the true names of the defendants and were unable to give any more particular descriptions of them. Such an assertion by the grand jury may be presumed to be true.

The great question in the case is whether said § 19 is contrary to the guaranties contained in art. 12 of the Declaration of Rights. That article provides that "No subject shall be held to answer for any crimes or offence, until the same is fully and plainly, substantially and formally, described to him; . . . And no subject shall be . . . deprived of his life, liberty, or estate, but by the judgment of his peers, or the law of the land." "The law of the land" in this connection has been held to mean due process of law and to include, so far as concerns liability to capital or infamous punishment, indictment by a grand jury. The essential features of the grand jury as it existed at the adoption of the Constitution must be sedulously preserved. The principle has been illustrated by several decisions covering a long period of time. *Jones* v. *Robbins*, 8 Gray, 329. *Commonwealth* v. *Harris*, 231 Mass. 584. *Opinion of the Justices*, 232 Mass. 601. *Lebowitch, petitioner*, 235 Mass. 357. *Klous* v. *Judges of the Municipal Court of the City of Boston*, 251 Mass. 292. No change in the essential features of the grand jury system "can be made which disregards those fundamental principles, to be ascertained from time to time by judicial action, which have relation to process of law and protect the citizen in his private right, and guard him against the arbitrary action of government." *Twining* v. *New Jersey*, 211 U. S. 78, 101. See in this connection *Fisher* v. *McGirr*, 1 Gray, 1, 21, 37.

Elementary characteristics of the grand jury, even that relating to the secrecy of its proceedings, are not to be extended so far as to constitute perversions of the principle on

which those characteristics rest. *Attorney General* v. *Pelletier,* 240 Mass. 264, 307–310, and cases there collected. Statutes have been enacted from time to time authorizing the elimination of the verbiage formerly regarded as necessary to the validity of an indictment, and abolishing to a considerable extent variance between allegation and proof as fatal to establishment of guilt. These statutes have been held not to contravene any of the essentials preserved by said article 12. It is not necessary to review these decisions. *Commonwealth* v. *Hall,* 97 Mass. 570, 573. *Commonwealth* v. *Morgan,* 107 Mass. 199, 205. *Commonwealth* v. *Hatfield,* 107 Mass. 227, 231. *Commonwealth* v. *Cabot,* 241 Mass. 131, 142. *Commonwealth* v. *Freelove,* 150 Mass. 66. *Commonwealth* v. *Bennett,* 118 Mass. 443, 452. *Commonwealth* v. *Jordan,* 207 Mass. 259, 266–268, and cases there collected. See in this connection *Weems* v. *United States,* 217 U. S. 349, 363. It was not the purpose of the Constitution in said art. 12 to render binding upon the Legislature for all time minor details or unessential formalities in connection with the grand jury not affecting its vital characteristics. In holding that a statute allowing an amendment to an indictment in respect to a former conviction did not violate art. 12 of the Declaration of Rights, it was said by Chief Justice Shaw in *Commonwealth* v. *Holley, supra,* pages 459–460: "The great principle asserted by the Declaration of Rights is that no man shall be put to answer a criminal charge until the criminating evidence has been laid before a grand jury, and they have found probable cause, at least, to believe the facts true on which the criminality depends. But, in setting forth a former conviction, they aver no fact resting on testimony, except that of identity of the person charged with the person before convicted. That fact being found, all the particulars respecting the former conviction, as to the nature of the crime, the time and circumstances of its commitment, the time when and the court before whom the conviction was had, and the sentence awarded, must be proved by matter of record, altogether more certain in its nature than any finding of a grand jury, upon an *ex parte* hearing, possibly can be. And such prior conviction, being a judgment against

the party himself, is necessarily one of which he is conusant, and by which he is conclusively bound. We think, therefore, that the Legislature might well avail themselves of these considerations, to provide that, when, on the trial of such indictment, the description of such previous conviction shall be found to be imperfect, inexact, or in any respect variant from the record, it may be amended in court, so as to conform to the record, without the formality of sending the case back to the grand jury, to find a new indictment, in order to state such record fully and correctly. Such an amendment, even of an indictment, as found by the grand jury, in the opinion of the court is not a violation either of the letter or spirit of the salutary provision of the Declaration of Rights." The same principle is illustrated by the legislative changes in nonessentials respecting the right of trial by jury secured by another part of the same art. 12, and by art. 15 of the Declaration of Rights which are reviewed in *Bothwell* v. *Boston Elevated Railway*, 215 Mass. 467. As there was pointed out with a review of the cases numerous statutes have been passed regulating the exercise of the right to trial by jury without impairing the substance of that right.

We are of opinion that the statute here assailed falls within the principles elucidated in *Commonwealth* v. *Holley* and in *Bothwell* v. *Boston Elevated Railway*, which need not be here repeated.

Mistake or error in the name of a defendant in an indictment is not necessarily fatal to its validity. It is not ground for motion to dismiss, but only for plea in abatement. If the defendant on his arraignment "does not plead in abatement, he admits himself rightly designated . . . . The issue for the jury of trials is, not what is the individual's name, but whether the person, who has pleaded in chief, on his arraignment, is guilty of the offence charged upon him." Shaw, C.J., in *Turns* v. *Commonwealth*, 6 Met. 224, 235. *Commonwealth* v. *Fredericks*, 119 Mass. 199, 204.

There is nothing in this record to warrant the inference that the grand jury, in framing the indictment, did not use all the information within its reach in describing the defendant, and did not have in mind a particular person, of

whom no better description could be given than a fictitious name. The indictment cannot rightly be construed in the circumstances here disclosed as an indictment in blank, usable at will against any member of the community. Some one must be described in an indictment as charged with the commission of crime. Commonly the name of a person is the distinctive characterization in words by which he is known and distinguished from others. *Conners* v. *Lowell,* 209 Mass. 111, 118. Nevertheless, the grand jury ought not to be hampered in the performance of its duty because one, who ought to be indicted, has been able to screen his name, occupation and residence from general knowledge, to disguise his lineaments and peculiarities and to hide his personal appearance and his identifying characteristics so that no adequate description of him can be given when his definite existence as a human being is disclosed and established. A fictitious description of an actual person, when that is the best description obtainable, authorized by legislative enactment, does not violate the provisions of said art. 12.

Motion to enter upon the record the true name of the person indicted, to be used in subsequent proceedings, must be allowed by the court as it was in the case at bar. Such allowance presupposes the finding by the court of all the facts essential thereto to the end that no injustice be done to any defendant. See *Herlihy* v. *Little,* 200 Mass. 284, 289, *Fisher* v. *Drew,* 247 Mass. 178, 183, and *Adams* v. *Balme,* 254 Mass. 170, 171.

It would be difficult to distinguish the case at bar from *Commonwealth* v. *Berley,* 254 Mass. 556. Since that decision was brief upon this point, the question here presented has been discussed at large without placing reliance exclusively upon that decision. See, also, *Commonwealth* v. *Intoxicating Liquors,* 255 Mass. 515.

This conclusion as to the force of the statute is supported by the great weight of authority in other jurisdictions, where questions of a similar nature have arisen. *Lasure* v. *State,* 19 Ohio St. 43, 50, 51. *State* v. *Murphy,* 55 Vt. 547. *State* v. *Schricker,* 29 Mo. 265. *People* v. *Kelly,* 6 Cal. 210. *Dukes* v. *State,* 11 Ind. 557. *State* v. *Manning,* 14 Texas,

402. *International Harvester Co. of America* v. *Commonwealth,* 124 Ky. 543, 546. *Hubbard* v. *State,* 38 Vroom, 628. *People* v. *Meyer,* 204 Mich. 331. See cases collected in 7 Am. L. R. 1520, note, and in 31 C. J. 830, § 432, note.

There is nothing in art. 14 of the Declaration of Rights concerning indictments. No question is presented on this record touching the form or sufficiency of any warrant for arrest which is one of the main subjects of said art. 14. See *Albrecht* v. *United States,* 273 U. S. 1.

The jury were taken upon a view, which included not only the scene of the alleged murder in Cambridge, but also places in Boston thought to be relevant to the charge against the defendant. The view was ordered by the court. The whole matter was within the discretion of the trial court. The right to order a view in furtherance of justice extends to places without as well as within the county where the crime is alleged to have been committed. *Commonwealth* v. *Chance,* 174 Mass. 245. *Commonwealth* v. *Dascalakis,* 246 Mass. 12, 29–32. Plainly, no abuse of discretion is disclosed on this record.

There was evidence tending to show relations of considerable intimacy between the defendant and a woman known as Dorothy Foss, and that he had bought an automobile which subsequently was registered in the name of Mabel MacDonald. It became material in the course of the trial to show that the woman called Dorothy Foss was also known as Mabel MacDonald. A witness was called, who testified that he had known Dorothy Foss for about two years and that he had known her also under the name Mabel MacDonald, and that he received information from the woman herself that she was known as Mabel MacDonald. There was no error in the admission of this evidence. *People* v. *Way,* 119 App. Div. (N. Y.) 344, affirmed in 191 N. Y. 533. *People* v. *Watson,* 165 Cal. 645, 652. Wigmore on Evidence, (2d ed.) § 667 (6).

All questions fairly raised have been considered. No error is disclosed.

*Judgment on the verdict.*