JAMES J. CONNOR vs. COMMONWEALTH.

Suffolk.   March 5, 1973 — May 9, 1973.

Present: REARDON, QUIRICO, HENNESSEY, KAPLAN, & WILKINS, JJ.

*Pleading, Criminal,* Indictment or complaint.   *Practice, Criminal,*
"John Doe" proceeding.   *Constitutional Law,* Due process of law,
Indictment by grand jury.   *Words,* "The law of the land."

And indictment for murder in the first degree merely against "John
Doe" and lacking words of description having particular reference
to the person whom the Commonwealth sought to convict, although
the name of the defendant was subsequently entered in the record
under G. L. c. 277, § 19, denied the defendant the protection of the
establishment of probable cause by the grand jury as required by
the "law of the land" in art. 12 of the Declaration of Rights of the
Constitution of the Commonwealth, was fatally defective, and must
be dismissed; overruling *Commonwealth* v. *Gedzium,* 259 Mass. 453,
and *Commonwealth* v. *Doherty,* 353 Mass. 197, so far as they held
the contrary.   [574–578]

PETITION for a writ of error filed in the Supreme
Judicial Court for the county of Suffolk on May 12,
1972.

The case was reserved and reported by *Hennessey,* J.

*James J. Twohig* for the petitioner.

*Charles E. Chase,* Assistant Attorney General, for the
Commonwealth.

HENNESSEY, J.   This is a petition for a writ of error
which was filed by Connor in this court after the United
States Supreme Court ruled, in *Picard* v. *Connor,* 404
U. S. 270 (1971), that it would not pass upon Connor's
contention that the Massachusetts indictment process had
denied him the equal protection of the laws.   It declined
to rule because the issue had never been presented be-
before the Supreme Judicial Court of Massachusetts.
This court previously considered the case in *Common-
wealth* v. *Doherty,* 353 Mass. 197.

At issue is the validity of an indictment for murder
which described the accused as merely "John Doe."   The

record of the case was later amended by inserting Connor's name. A single justice of this court reserved and reported the instant petition to the full court without decision.

On May 1, 1965, Robert W. Davis was shot to death. On August 4, 1965, the grand jury for Suffolk County returned an indictment for murder in the first degree against Donald E. Landry otherwise known as Emo Landry and "John Doe, the true name and a more particular description of the said John Doe being to the said Jurors unknown." Shortly after the return of the indictment, Connor was arrested. Other indictments were returned against William R. Doherty and Janice M. Doherty charging them with being accessories before and after the fact to Davis's murder.

On August 9, 1965, the prosecutor filed a motion — under the provisions of G. L. c. 277, § 19 — to amend the indictment by substituting the name of James J. Connor in place of "John Doe." The motion was allowed by a judge of the Superior Court, after a hearing at which no evidence was introduced.

On August 10, 1965, the docket entry of August 9 was "corrected so as to read as follows: Commonwealth files motion to amend indictment. Court . . . having determined that true name of John Doe has been discovered to be James J. Connor, orders the name James J. Connor to be entered on record as true name." Again, no evidence was presented at the hearing upon this motion. Connor filed motions to quash and to dismiss the indictment. Subsequently the motions were denied and Connor's exceptions were saved.

The case was tried in March of 1966 and Connor was found guilty of murder in the first degree with a recommendation by the jury that the death penalty not be imposed. Appeal was taken to this court and the conviction was affirmed. *Commonwealth* v. *Doherty,* 353 Mass. 197 (1967). A petition for certiorari was denied on March 11, 1968. *Connor* v. *Massachusetts,* 390 U. S. 982.

Connor then filed a petition for a writ of habeas corpus

in the United States District Court for the District of Massachusetts. The District Court held a hearing and dismissed the petition. *Connor* v. *Picard*, 308 F. Supp. 843 (D. Mass.). On appeal the United States Court of Appeals for the First Circuit reversed, having found that the Massachusetts indictment process, as applied to the petitioner, denied him the equal protection of the laws. *Connor* v. *Picard*, 434 F. 2d 673 (1st Cir.).

The United States Supreme Court granted the Commonwealth's petition for a writ of certiorari, and on December 20, 1971, that court reversed the decision of the Court of Appeals (*Picard* v. *Connor*, 404 U. S. 270), but declined to pass upon the merits of the equal protection argument since Connor had failed to exhaust his available State remedies. See 28 U. S. C. § 2254 (1970).

Subsequently, Connor filed this petition for a writ of error alleging that the manner in which he was indicted denied him the equal protection of the laws.

1. Connor argues before us, not only the equal protection issue arising under the Constitution of the United States, but also that the indictment and his subsequent conviction were void under art. 12 of the Declaration of Rights of the Massachusetts Constitution. The argument under art. 12 was previously presented by Connor, and considered by this court, in the appeal. See *Commonwealth* v. *Doherty*, 353 Mass. 197, 205–207. The judgment against Connor was affirmed by a divided court, with two dissenting Justices voting to reverse the judgment, set aside the verdict, and quash the indictment.[1]

We hold that, under art. 12 of the Declaration of Rights of our Constitution, the indictment against Connor was fatally defective, and all subsequent proceedings taken in reliance upon the indictment were void. In so far as the case of *Commonwealth* v. *Doherty*, *supra*, reached contrary conclusions (see 353 Mass. at 205–207) we overrule that case. In view of our conclusions, there is no

---

[1] Although the report of the case, at 353 Mass. 197, shows a quorum of only five Justices, court records show that all seven Justices participated in the decision.

necessity for us to consider Connor's argument relating to the equal protection provision of the Constitution of the United States.

Apparently, the Superior Court judge who allowed the amendment of the record by the insertion of Connor's name relied upon the case of *Commonwealth* v. *Gedzium*, 259 Mass. 453, 457, as did the majority of this court in considering Connor's appeal. The conclusions of the *Gedzium* case were supportive of the indictment procedure used here. We now overrule the *Gedzium* case to the extent that it is inconsistent with our present opinion.

The entire description of the accused persons in the indictment was as follows: "Donald E. Landry, otherwise known as Emo Landry, and John Doe, the true name and a more particular description of the said John Doe being to the said Jurors unknown." These words are to be considered in the light of art. 12 of the Declaration of Rights and in the light of G. L. c. 277, § 19. Under art. 12, "[N]o subject shall be arrested, imprisoned, despoiled, or deprived of his property, immunities, or privileges, put out of the protection of the law, exiled, or deprived of his life, liberty, or estate, but by the judgment of his peers, or the law of the land." General Laws c. 277, § 19, provides: "If the name of an accused person is unknown to the grand jury, he may be described by a fictitious name or by any other practicable description, with an allegation that his real name is unknown. An indictment of the defendant by a fictitious or erroneous name shall not be ground for abatement; but if at any subsequent stage of the proceedings his true name is discovered, it shall be entered on the record and may be used in the subsequent proceedings, with a reference to the fact that he was indicted by the name or description mentioned in the indictment."

The Commonwealth relies, of course, on the reasoning of the majority opinion in the *Doherty* case. This reasoning is that the grand jury intended to indict a man who acted a particular and described part in the alleged murder; that the record of the case could be amended by order

of the Superior Court judge to show Connor's name as the accused; that the judge could and did act on the district attorney's representations that Connor was the man described in the testimony before the grand jury and designated as John Doe; that the district attorney made these representations by presenting his motion to insert Connor's name in the record; that under the *Gedzium* case it is no longer necessary that the indictment itself give "the best description possible of the person to be arrested." 353 Mass. at 206–207, quoting from *Commonwealth* v. *Crotty*, 10 Allen 404–405.

We cannot concur with these conclusions. They negate art. 12 of the Declaration of Rights, which mandates among other things that no subject shall be convicted of crime and punished but by "the law of the land." Plainly the law of the land, derived from the ancient immunities and privileges of English liberty, establishes the right of every citizen to be secure, in case of high offences, from accusation and trial before probable cause is established by the presentment and indictment of a grand jury. *Jones* v. *Robbins*, 8 Gray 329, 344. See *Commonwealth* v. *Woodward*, 157 Mass. 516; *Commonwealth* v. *Harris*, 231 Mass. 584, 587. Our law has established the "great principle asserted by the Declaration of Rights . . . that no man shall be put to answer a criminal charge until the criminating evidence [against him] has been laid before a grand jury, and they have found probable cause." *Commonwealth* v. *Holley*, 3 Gray 458, 459. The rule is firm that " '. . . no person . . . shall be held to answer for a capital or otherwise infamous crime . . . unless he shall have been previously charged on the presentment or indictment of a grand jury.' 2 Kent Com. 12." *Jones* v. *Robbins, supra*, at 344–345. These principles have been affirmed in both the *Gedzium* and the *Doherty* cases (259 Mass. at 459; 353 Mass. at 207).

It is an inescapable conclusion that the indictment must contain words of description which have particular reference to the person whom the Commonwealth seeks to convict. No matter how extensively or specifically the

defendant was described in grand jury proceedings, the constitutional requirement can be met only by a sufficient description in the indictment itself. The *Gedzium* case emphasized that the record and not the indictment is amended under c. 277, § 19, and that "[t]he procedure is somewhat analogous to specifications." 259 Mass. at 457. We regard the distinction as insignificant because the essential point is that there is no sufficient showing that the grand jury found probable cause against this defendant.

This is not to say that the indictment must show the full or true name of the defendant. General Laws c. 277, § 19, serves a purpose consistent with art. 12 in its provision that a defendant's true name may be inserted in the record "at any subsequent stage of the proceedings." The purpose of the statute is salutary, to the end that, in so far as art. 12 of the Constitution permits, one who ought to be indicted is prevented from hampering the grand jury in the performance of their duty by screening his name and other identifying characteristics. See *Commonwealth* v. *Gedzium*, 259 Mass. 453, 461. See also *Commonwealth* v. *Dedham*, 16 Mass. 141; *Commonwealth* v. *Lewis*, 1 Met. 151; *Turns* v. *Commonwealth*, 6 Met. 224, 235; *Commonwealth* v. *Butler*, 1 Allen 4; *Commonwealth* v. *Darcey*, 12 Allen 539; *Commonwealth* v. *Fredericks*, 119 Mass. 199. Nevertheless, in order that a defendant's name may properly be inserted in the record under the authority of the statute it must appear that there is a warrantable inference, from a consideration of the indictment's description of the accused, together with the proof concerning the proceedings before the grand jury,[2] that the grand jury indicted the defendant.

To hold otherwise is to vest the grand jury's ultimate power in the judge. We need not comment at this time as to the minimum descriptive content required in any in-

---

[2] It is appropriate and desirable that the proceedings before the grand jury should be shown by the presentation of testimony, affidavits, or a transcript of those proceedings. See the *Doherty* case at 206.

dictment, or the sufficiency of partial names, or aliases traceable to the defendant, or other words of description such as, "by stating his occupation, his personal appearance and peculiarities, the place of his residence, or other circumstances by which he can be identified." *Commonwealth* v. *Crotty*, 10 Allen 403, 405. *Commonwealth* v. *Gedzium*, 259 Mass. 453, 457, and cases cited. We need not reach such discussion because the description of the accused here as merely "John Doe" expressed no more than the grand jury's intention to accuse a man, otherwise unspecified, of the crime of murder. The comments in the dissenting opinion (Kirk, J., joined by Spiegel, J.) in the *Doherty* case (353 Mass. at 217–218) are apt: ". . . The name 'John Doe' gives no clue to identity. Standing alone it is synonymous with anonymity. The indictment of John Doe is the indictment of anyone. The indictment of anyone is the indictment of no one. The indictment of no one is an indictment in blank. The indictment as returned, therefore, subjected Connor to a public trial before the grand jury had determined in the first instance that probable cause existed to believe that *he* committed the crime charged in the indictment. . . . To hold that the 'John Doe' indictment under which Connor was tried and convicted is authorized by G. L. c. 277, § 19, would effectively nullify the limitations on criminal proceedings contained in G. L. c. 277, § 63. The procedure would permit a grand jury to return an indictment whenever they had probable cause to believe that a crime had been committed without any inquiry into *who* committed the crime. It would no longer suffice that a person who has committed a crime remain undetected for the period of time set forth in G. L. c. 277, § 63. It would also be necessary that the acts constituting the crime likewise be not detected for the prescribed period."

2. The judgment against Connor is reversed, the verdict against him is set aside, and the indictment in so far as it has reference to him is dismissed. He is to be brought forthwith before a judge of the Superior Court and, unless it appears that he should be held upon some

existing process other than the instant indictment, he is to be discharged forthwith from custody. He is awarded costs against the Commonwealth to be paid by the county of Suffolk. G. L. c. 250, § 12.

*So ordered.*