FabricaNt, Judith, J.
INTRODUCTION
The defendant has been indicted on charges of assault by means of a dangerous weapon, a firearm,' in violation of G.L.c. 265, §15B(b); possession of a firearm, in violation of G.L.c. 269, §10(a); possession of ammunition, in violation of G.L.c. 269, §10(h); and carrying a loaded firearm, in violation of G.L.c. 269, §10(n). The defendant has filed two motions to dismiss, one as to all indictments, based on insufficient evidence before the grand jury to establish probable cause, see Commonwealth v. McCarthy, 385 Mass. 160, 163 (1982); and one limited to the possession charges, based on claimed unconstitutionality of the Commonwealth’s firearms licensing statutes. After hearing, and review of all materials submitted, the Court concludes that all the indictments against this defendant must be dismissed based on insufficiency of the evidence before the grand jury. The Court therefore will not reach the constitutional issues raised in the second motion.
BACKGROUND
The evidence presented to the grand jury, insofar as it relates to this defendant, indicated in substance as follows.[1] On February 11, 2010, at approximately 5:00 p.m., the defendant was with a group of young males on Blue Hill Avenue, across from the intersection of Deering Road, in Mattapan. The group included the defendant’s brother, Jerrod Lee, as well as Randy Pizarro, Jermaine Burton, and Averyk Carasquillo. Two other young men approached Blue Hill Avenue from Deering Road, across from the group that included the defendant. Some interaction, the nature of which is unclear, occurred between the defendant’s group and the pair across the street. The group that included the defendant ran across Blue Hill Avenue. As they did so, the defendant’s brother, Jerrod Lee, pointed a firearm and fired toward the other two. Pizarro did the same. The defendant was side by side with his brother at the time of the shooting.[2] The group that included the defendant then ran back across Blue Hill Avenue, and all but the defendant fled. The defendant, upon reaching approximately the area of the median, turned and ran back across Blue Hill Avenue to the area where the shooting had occurred. He picked up his brother’s GPS device and cell phone from the ground, and then ran back toward the median.[3] Police apprehended him there.
Later, in interviews with police, the defendant acknowledged that the GPS and cell phone belonged to his brother, but in other respects gave information that was inconsistent with information the police obtained from other sources, including from video recordings. He stated that he had heard shots while he and his brother were waiting for a ride, but that he did not know where the shots came from. He denied knowing the others, although police had seen him with them on other occasions; video surveillance recordings showed him in their company; Burton’s telephone number was in his cell phone; and cell phone records reflected multiple calls between their numbers.
While at the police station, the defendant telephoned a young woman and said that “we got shot at,” that he and his brother were “lockéd up for a shooting,” and that “they’re going to get Randy.” The same young woman later stored a gun given to her by Randy Pizarro. According to the young woman, the defendant and the others tend to associate with a group named for a particular street in the area, and have conflicts with groups from two other streets.
DISCUSSION
Generally, “a court will not review the competency or sufficiency of the evidence before a grand jury.” Commonwealth v. O'Dell, 392 Mass. 445, 450 (1984). A court may, however, consider whether the grand jury received sufficient evidence to establish “probable cause to arrest,” and whether the integrity of the proceedings was impaired. Commonwealth v. McCarthy, 385 Mass. 160, 163 (1982); see also O'Dell 392 *99 Mass. at 446-47. To support an indictment, the grand jury must receive evidence sufficient to establish the identity of the accused and probable cause to arrest him or her. O’Dell 392 Mass. at 450; McCarthy, 385 Mass. at 163. Probable cause to arrest is defined as “more than mere suspicion but something less than evidence sufficient to warrant a conviction.” Commonwealth v. Roman, 414 Mass. 642, 643 (1993) (internal quotations omitted). To establish probable cause, the Commonwealth must present the grand jury with evidence on each element of the crime charged. Commonwealth v. Moran, 453 Mass. 880, 884 (2009).
Here, the Commonwealth proceeds against this defendant based solely on a theory of joint venture or aiding and abetting; the Commonwealth does not allege that he himself committed any of the offenses directly. To establish the defendant’s guilt on a theory of aiding and abetting, the Commonwealth would have to prove that the defendant participated in some meaningful way in the commission of the crime, with the intent required to commit the offense. See Commonwealth v. Zanettt, 454 Mass. 449, 467-68 (2009). Participation need not necessarily be active; “simply agreeing to stand by at, or near, the scene of the crime to act as a lookout, or to provide aid or assistance in committing the crime, or in escaping, if such help becomes necessary” can also be a form of participation. Id. at 470 Appendix. The Commonwealth must show, however, that the defendant shared with the principal or principals the intent required for the commission of the crimes charges. See id. “Presence alone does not establish a defendant’s knowing participation in the crime, even if a person knew about the intended crime in advance and took no steps to prevent it.” Id.
The charges against this defendant, as recited supra, are assault by means of a dangerous weapon, possession of a firearm, possession of ammunition, and carrying a loaded firearm. Each of those offenses includes an element of knowledge or intent. The Commonwealth may prove assault by means of a dangerous weapon on either of two theories: that the defendant intended to commit a battery and took some overt step to carry out that intent; or that the defendant committed some act or acts that he reasonably intended to and that in fact did put another person in fear. See Commonwealth v. Lednum, 75 Mass.App.Ct. 722, 725 (2009).
As to the firearms offenses, “(t]o be convicted on a theory of joint venture for a crime that has possession of a weapon as one of its elements, the joint venturer must be shown to have had knowledge that the principal perpetrator had a weapon.” Commonwealth v. Ellis, 432 Mass. 746, 762 (2000), citing Commonwealth v. Fickett, 403 Mass. 194, 196-97 (1988). Thus, the defendant’s shared intent or knowledge is essential to his criminal liability on each of the charges. To support the indictments against this defendant, therefore, the Commonwealth would have had to present some evidence from which the grand jury could find probable cause to believe that this defendant knew that others with him had one or more firearms, and that he shared their intent that a firearm be used.
The evidence presented to the grand jury indicates that the defendant was present while others with him, including his brother, possessed firearms and used them to commit an assault. The evidence also indicates that, after the' assault occurred, the defendant retrieved items belonging to his brother. That conduct could support an inference of intent to conceal his brother’s presence, or perhaps of intent to assist his brother in avoiding probation consequences for being separated from his GPS device. It does not, in itself, provide a basis to infer that, prior to the shooting, he knew that his brother or anyone else in the group had a gun or intended to use it, or that he shared with the others any intent to commit an assault. Mere presence is not sufficient to establish guilt on a theory of aiding and abetting, nor is after-the-fact assistance in concealing the crime. Zanetti, supra 454 Mass. at 467; see also Commonwealth v. Semedo, 456 Mass. 1, 8, 11 (2010).[4] The Court concludes, therefore, that the indictments against this defendant must be dismissed.
CONCLUSION AND ORDER
For the reasons stated, the defendant’s Motion to Dismiss Indictments pursuant to Commonwealth v. McCarthy, 385 Mass. 160, 163 (1982), is ALLOWED. The Court does not reach the defendant’s “Motion to Dismiss Indictments Under McDonald v. Illinois,” which challenges the statutes establishing the firearms possession offenses' on second amendment grounds.

The evidence included video recordings from surveillance cameras, in addition to testimony and photographs. The Court has reviewed the recordings. Where conflict appears between testimony and video images, the Court presents the version most supportive of probable cause, since the grand jury was entitled to make credibility judgments.

This is an area of apparent conflict between testimony and video images. See n.l, supra. Although Officer Lamont Anderson testified that he saw the defendant “side by side” with his brother at the time of the shooting, the video, as the Court perceives it, shows a shooter ahead of the others, with no one at his side, followed most closely by a second person who also appears to be shooting. The Court recognizes that the different locations of the cameras and the witness could account for the difference.

Lee was carrying a GPS device as a condition of probation. The device was a type that clips to clothing or a belt, not the type that is attached to an ankle bracelet.

Such conduct is the separate crime of accessory after the fact, to which the defendant’s fraternal relationship with Lee would provide a defense. See G.L.c. 274, §4.