COMMONWEALTH *vs.* EUGENE M. MCCARTHY, JR.

Norfolk. October 7, 1981. — January 29, 1982.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, & NOLAN, JJ.

*Practice, Criminal,* Dismissal, Indictment. *Grand Jury.*

A valid indictment requires, at the very least, that a grand jury hear suf-
ficient evidence to establish the identity of the accused and probable
cause to arrest him. [161-163]

An indictment of a defendant for assault with intent to rape, which was
not supported by any evidence of the defendant's criminality, should
have been dismissed by the trial judge. [163-164]

INDICTMENT found and returned in the Superior Court
Department on January 21, 1980.

A motion to dismiss was heard by *Chmielinski, J.,* and the
case was tried before him.

The Supreme Judicial Court granted a request for direct
appellate review.

*Milly A. Whatley (Joel A. Goodman* with her) for the de-
fendant.

*Sydney Hanlon,* Assistant District Attorney *(Charles J.
Hely,* Assistant District Attorney, with her) for the Com-
monwealth.

ABRAMS, J. A Norfolk County grand jury indicted the de-
fendant for assault with intent to rape.[1] Prior to trial, the
defendant moved to dismiss the indictments because the

---

[1] The defendant was also indicted for assault and battery. The defend-
ant was convicted on this charge, but the indictment was placed on file
with the defendant's consent. Thus, there is no issue before us as to the
propriety of this conviction. "Absent exceptional circumstances, we do
not consider appeals on assignment of error on indictments placed on file
[with the defendant's consent] since no appeal may come before us until
after judgment, which in criminal cases is the sentence." *Commonwealth
v. Delgado,* 367 Mass. 432, 438 (1975).

grand jurors had not heard any evidence that he had been involved in criminal activity. The trial judge denied the motion. After trial to a jury, the defendant was convicted. He was sentenced to a term of twenty years at the Massachusetts Correctional Institution at Concord. Execution of the sentence was stayed by a single justice of the Appeals Court. See *Commonwealth* v. *Allen,* 379 Mass. 564, 565 n.1 (1980); *Commonwealth* v. *Levin,* 7 Mass. App. Ct. 501 (1979). We allowed the defendant's application for direct appellate review.

The sole issue is whether the trial judge should have dismissed an indictment which was unsupported by any evidence of acts of criminality by the defendant. The defendant claims that in these circumstances the denial of his motion to dismiss the indictments was erroneous. We agree. We reverse and order that the indictment on the charge of assault with intent to rape be dismissed.

We summarize the facts. Although the defendant requested copies of the grand jury minutes, the Commonwealth did not furnish them until the day of the trial. After receiving the minutes, the defendant immediately moved to dismiss the indictments, because the grand jury heard no evidence that he had engaged in criminal activity.[2]

The minutes revealed that during a party to which the victim, his sister, the defendant, and a friend had been invited, one William Maloney[3] tried to rape the victim. The grand jury minutes further revealed that after the victim escaped from Maloney, the victim's sister entered the house in which the party was being held and recognized the defendant among those present.

In arguing that the indictment should be dismissed, the defendant does not dispute that generally a "court will not

---

[2] The defendant did not have the benefit of a probable cause hearing because the prosecutor proceeded directly to the grand jury. See Mass. R. Crim. P. 3 (e), 378 Mass. 847 (1979).

[3] Maloney was a codefendant. He pleaded guilty to the crime at the time of trial.

inquire into the competency or sufficiency of the evidence before the grand jury." *Commonwealth* v. *Robinson,* 373 Mass. 591, 592 (1977), quoting *Commonwealth* v. *Galvin,* 323 Mass. 205, 211-212 (1948). See *Commonwealth* v. *Lincoln,* 368 Mass. 281, 285 (1975); *Commonwealth* v. *Hare,* 361 Mass. 262, 269 (1972). Nor does the defendant dispute that an indictment may be based solely on hearsay. *Commonwealth* v. *Gibson,* 368 Mass. 518, 522-525 (1975).[4] *Commonwealth* v. *Walsh,* 255 Mass. 317, 318-319 (1926). Mass. R. Crim. P. 4 (c), 378 Mass. 849 (1979). See *Costello* v. *United States,* 350 U.S. 359 (1959). Instead the defendant claims that unless the grand jury has heard sufficient evidence (whether competent or hearsay) to establish the level of probable cause required to support an arrest or search warrant, an indictment must be dismissed.[5] The de-

---

[4] The grand jurors heard only hearsay from an investigating officer whose testimony was based on what the victim and the victim's sister had told him. We stress that sound policy dictates a preference for the use of competent testimony before grand juries. *Commonwealth* v. *St. Pierre,* 377 Mass. 650, 656 (1979). See *Commonwealth* v. *Lincoln,* 368 Mass. 281, 285 n.2 (1975). Since the victim was outside the jury room, his testimony was readily available.

[5] "[T]here is a 'large difference' between probable cause to arrest [or search] and probable cause to bind over, 'and therefore a like difference in the quanta and modes of proof . . . .' *Brinegar* v. *United States,* [338 U.S. 160, 173 (1949)]. A judicial finding of probable cause to arrest validates only the initial decision to arrest the suspect, not the decision made later in the criminal process to hold the defendant for trial. Since many valid arrests are based on reliable hearsay information which could not be introduced at the defendant's trial, probable cause to arrest does not automatically mean that the Commonwealth has sufficient competent legal evidence to justify the costs both to the defendant and to the Commonwealth of a full trial. Therefore the standard of probable cause to bind over must require a greater quantum of legally competent evidence than the probable cause to arrest finding to insure that the preliminary hearing's screening standard is defined in ·a way that effectuates its purpose" (footnote omitted). *Myers* v. *Commonwealth,* 363 Mass. 843, 849 (1973). We need not decide whether a grand jury must find a similar level of probable cause to that required in a preliminary hearing, see *Commonwealth* v. *St. Pierre,* 377 Mass. 650, 656-657 & nn. 6 & 8 (1979), since the grand jury did not have before it any evidence as to criminal activity by the defendant. Cf. *Burke* v. *Commonwealth,* 373 Mass. 157, 159 (1977), and the Model Code of Pre-arraignment Procedure §§ 330.5 and 340.5 (1975).

fendant argues that since the grand jury heard no "reasonably trustworthy information . . . sufficient to warrant a prudent man in believing that the defendant had committed or was committing an offense," *Commonwealth* v. *Stevens*, 362 Mass. 24, 26 (1972), quoting *Beck* v. *Ohio*, 379 U.S. 89, 91 (1964), the indictment against him is "fatally defective." *Connor* v. *Commonwealth*, 363 Mass. 572, 574 (1973). Thus, he asserts that "all subsequent proceedings taken in reliance upon the indictment were void." *Id.* We agree.

We see no material difference between this case and *Connor* v. *Commonwealth, supra.* In *Connor,* the absence of any evidence identifying the defendant as the person whom the grand jury intended to indict was sufficient to justify the dismissal of the indictment. We believe that the grand jury's failure to hear any evidence of criminal activity by the defendant justifies dismissal of this indictment. We, therefore, hold that at the very least the grand jury must hear sufficient evidence to establish the identity of the accused, *Connor* v. *Commonwealth, supra,* and probable cause to arrest him, *Lataille* v. *District Court of E. Hampden,* 366 Mass. 525, 531 (1974). See note 4, *supra.* A grand jury finding of probable cause is necessary if indictments are to fulfil their traditional function as an effective protection "against unfounded criminal prosecutions." [6] *Lataille* v. *District Court of E. Hampden, supra* at 532.

The judge recognized that the grand jury did not have before it any evidence of criminality by the defendant. However, he ruled that the grand jury did hear sufficient evidence to indict the defendant as Maloney's accomplice. But "mere presence at the commission of the wrongful act

---

[6] "The right of individual citizens to be secure from an open and public accusation of crime and from the trouble, expense and anxiety of public trial, before a probable cause is established by the presentment and indictment of a grand jury, in case of high offences, is justly regarded as one of the securities to the innocent against hasty, malicious and oppressive public prosecutions . . . ." *Jones* v. *Robbins,* 8 Gray 329, 344 (1857). See *Commonwealth* v. *Holley,* 3 Gray 458 (1855).

and even failure to take affirmative steps to prevent it do not render a person liable as a participant." *Commonwealth* v. *Benders,* 361 Mass. 704, 708 (1972). See *Commonwealth* v. *Morrow,* 363 Mass. 601, 609 (1973); *Commonwealth* v. *Knapp,* 9 Pick. 495, 517 (1830). Only "one who aids, commands, counsels or encourages the commission of a crime while sharing with the principal the mental state required for the crime is guilty as a principal." *Commonwealth* v. *Soares,* 377 Mass. 461, 470 (1979).

In this case, the grand jury had no evidence before it that the defendant commanded, counseled, or encouraged Maloney to assault the victim or even that he was present at the assault. Since the indictment was not supported by evidence that the defendant was Maloney's accomplice, the defendant's motion to dismiss should have been allowed.[7]

The judgment of the Superior Court is reversed, the verdict is set aside, and the case is remanded to the Superior Court where the indictment is to be dismissed.[8]

*So ordered.*

---

[7] The defendant raises two other issues on appeal. Since we have held that the indictment must be dismissed, we do not discuss the other two issues. Suffice it to say, we perceive no error.

[8] Although the defendant was given leave to file a supplemental brief on the issue whether the guaranty against double jeopardy would prevent retrial, he chose not to do so. Therefore, we do not reach this issue. See *Burks* v. *United States,* 437 U.S. 1, 6 (1977); *Francis* v. *Resweber,* 329 U.S. 459, 462 (1947); *Trono* v. *United States,* 199 U.S. 521, 529 (1905); *United States* v. *Ball,* 163 U.S. 662, 672 (1896). See also *Illinois* v. *Somerville,* 410 U.S. 458 (1973).