**COMMONWEALTH**
**v.**
**John J. VITTI**

**Nos. 3398, 3399**

Superior Court/Essex, ss.
Commonwealth of Massachusetts

**June 8, 1982**

3. See fn. 2, **supra.**

## MEMORANDUM OF DECISION ON DEFENDANT JOHN VITTI'S MOTION TO DISMISS NO. 3

In the above case defendant is charged with kidnapping (3399) and four counts of aggravated rape (3398) as joint venturer, all arising out of allegations by Linda Brown/Clifford that on September 6, 1981, she was lured from a bar in Salisbury Beach to a motel by co-defendant Bonn, and there raped, naturally and unnaturally, about 20 times by 8-10 men, members of the Charter Oak (Conn.) Motorcycle Club, including the four co-defendants. For further details, see the Memorandum of Decision on Defendant's Motion to Suppress Identification signed June 4, 1982, which is incorporated herein by reference.

Defendant has filed his Motion to Dismiss No. 3 and an Attorney's Affidavit in Support, executed May 26, 1982, and a Memo in Support.

In the affidavit it is alleged that no competent evidence was introduced before the grand jury which indicted defendant on September 21, 1981, but only a hearsay statement read to the grand jury by a state policeman, and on September 14, 1981, the victim had told a senior state police officer that she was not sure this defendant had sex with her. Attached to the affidavit is a statement from District Attorney Weiner that on March 31, 1982, the victim told him she could not remember whether defendant forced her to have sex but that he was lying on the bed onto which she had been forced.

Defendant claims consequently the grand jury proceedings were improper, that misleading information was knowingly presented, that prosecutional misconduct tainted the indictments, and that the U.S. Constitution Fifth and Fourteenth Amendments, and Mass. Declaration of Rights, Article XII require that the indictments be dismissed.

The motion was heard on June 2, 1982, and succeeding days (together with motions of all defendants to dismiss, No. 6, based on alleged failure of the prosecution to provide exculpatory

**Patrick Riley, Asst. D.A.,** counsel for plaintiff
**Joseph J. Balliro,** counsel for defendant.

information pertaining to one "Franky" in a memorandum concerning a statement by Donna Dow, marked "G" for identification on May 25, 1982).

On the present motion it was agreed I should consider testimony of State Police Detective Lt. John Burns, taken on May 27, 1982, and there was submitted as exhibits:

#1 - the grand jury minutes;

#2 - Burns' memorandum re September 14, 1981, photo array.

The motion was argued and a brief was submitted.

The court makes the following:

### FINDINGS OF FACT

1. The findings of fact contained in the Memorandum of Decision, dated June 2, 1982, referred to above are incorporated herein.

2. The testimony before the grand jury was double hearsay, state police corporal Turner reporting that policewoman Ann Champagne had told him the victim said that on confronting the motorcycle group in Berlin she was definite that she had been raped by this defendant, and the three co-defendants.

3. On September 14, 1981, John Burns, the senior state police officer, had the victim view an array of photographs. At that time she said she was not sure this defendant had raped her. She recalled him taking photographs of her, and lying on a bed with her.

4. This information was exculpatory but was not disclosed to the grand jury. It was not shown that this information was actually known to Turner.

### DISCUSSION

5. Hearsay evidence is sufficient for an indictment. 30 M.P.S. sec. 816.

6. This evidence would pass under the test of **Commonwealth v. St. Pierre**, 377 Mass. 650, 1979 Adv. Sh. 556; 387 NE2d 1135, since Turner could rely on Champagne who as a police officer is credible and she had information from the victim. **Commonwealth v. Cruz**, 1977 Adv. Sh. 2395; 369 NE2d 996.

7. Due process is violated if the government knowingly puts before a grand jury material perjured testimony. **Commonwealth v. Edgerly**, 13 Mass. App. 562, 578, note 13.

8. The prosecutor should disclose to the grand jury evidence which will tend to substantially negate guilt else the integrity of the grand jury will be impaired. ABA Standards for Criminal Justice, Prosecution Function, sec. 3-3.6(b) (2d ed. 1979), quoted in **Commonwealth v. McJunkin**, 1981 App. Ct. Adv. Sh. 661; 418 NE2d 1259, 1262.

9. However, the prosecutor need not submit to the grand jury all exculpatory evidence. **Commonwealth v. McJunkin, supra; U.S. v. Mandel**, 415 Fed. Supp. 1033 (D. Md. 1976); **U.S. v. Doyle**, 524 Fed. 2d 1133 (6th Cir. 1975).

10. The function of the grand jury is to act as a check on over-zealous prosecution, to examine only the evidence properly submitted to see whether it would warrant a trial jury inferring guilt beyond a reasonable doubt.

11. Here the grand jury could conclude that the evidence was sufficient, with the victim's original identification of defendant for a trial jury to conclude he had sex with her.

12. If this were a one-defendant case, I could well conclude that the victim expressed uncertainty as to whether this defendant had sex with her fell on the side of the line of tending to substantially negate guilt.

13. However, this case is not so simple. It appears that this defendant was present during what the victim alleges was about 20 rapes, natural and unnatural, by 8-10 men, including the three co-defendants, as to whose identity she has not wavered.

14. While mere presence at the scene of a crime and even failure to take affirmative steps to prevent it is not sufficient to find a defendant a joint venturer, see cases collected in **Commonwealth v. McCarthy**, 385 Mass. 160, 163-164, guilt may be found if the defendant shares the intent of the principal actor and is ready, able and willing to assist if necessary to accomplish the crime.

15. If the prosecutor was required to advise the grand jury that on September 14, 1981, the victim was unsure if defendant had sex with her, he could also have advised that the victim recalled that defendant had taken pictures of her while submitting to coerced sex (they heard that cameras were found, and the developed film showed her nude on a bed) and that she recalled this defendant on a bed with her to which she had been forced.

16. This additional information would have, in my opinion, been more than enough to offset the victim's doubt as to active sex by defendant with increased evidence of his culpability as a joint venturer. The fact that he photographed the raping seems to support an inference of his wish to see it accomplished, and would allow an inference that he was ready to assist if necessary to that end.

17. As a result of the Commonwealth's bill of particulars, he is charged only as a joint venturer.

18. Initially it would appear incongruous for him to be charged with four counts together with three co-defendants, and the immediate analysis would suggest there were one too many counts. However, the grand jury heard evidence that the victim was raped by eight, many of whom the victim was not able to identify. But a defendant can be guilty as a joint venturer without the prosecution being able to identify the principal. **Commonwealth v. Casale,** 408 NE2d 841 (Mass. App. Ct. 1980).

This case is consequently distinguishable from **Commonwealth v. McCarthy, supra.**

### ORDER

Defendant Vitti's Motion to Dismiss No. 3 is Denied.

**Robert J. Hallisey**
**Justice of the Superior Court**