COMMONWEALTH *vs.* J. RAYMOND MASON. November 17, 1982. The defendant has been convicted by a Superior Court jury on a one-count indictment (no. 028374) for larceny of more than $100 by false pretenses advanced by him pursuant to a general larcenous plan or scheme (G. L. c. 266, § 30), on twelve counts of a nineteen-count indictment (no. 029921) for knowingly making false statements to the Department of Public Welfare for the purpose of securing payments to him under the Medicaid program (G. L. c. 18, § 5B), and on the twelve cognate counts of a nineteen-count companion indictment (no. 029922) for perjury by written instrument (G. L. c. 268, § 1A). On the evidence, all the false statements which led to all the convictions appeared on claim forms which the defendant submitted to the Department for dental services he had supposedly rendered to patients eligible for Medicaid. The defendant was given identical concurrent sentences on no. 028374 and on count 3 of no. 029922; the remaining eleven counts of no. 029922 and all twelve counts of no. 029921 were placed on file with the defendant's assent. 1. The only error assigned with respect to no. 028374 is the refusal of a motion judge to allow the defendant's motion for further particulars. The defendant was seasonably supplied with the minutes of the grand jury (before which he and his then office assistant had testified); more than a year prior to trial he was supplied with copies of the claim forms which were ultimately introduced in evidence at trial, together with the advice of the prosecutor (in open court) that the Commonwealth contended that practically every claim shown on those forms was false in some respect; and the motion judge entered an order which expressly limited the Commonwealth's proof of false statements to those shown on the forms. It is no longer argued that the defendant lacked adequate time to prepare for trial; to the contrary, the argument all but dissolves into a lament that the prosecution did not prove as much as it had said it would. In the circumstances, any error in refusing further particulars was harmless beyond a reasonable doubt. Compare *Commonwealth* v. *Baker,* 368 Mass. 58, 76-77 (1975). 2. On the authority of and for the reasons set out in *Commonwealth* v. *Jones,* 382 Mass. 387, 394-397 (1981), the judgment and the verdict on count 3 of no. 029922 must be vacated and that count dismissed. See also *Commonwealth* v. *Minkin, ante* 911, 915 (1982). 3. As the judgment on no. 028374 is to be affirmed, there is no occasion to consider the convictions on any of the counts which were placed on file. *Commonwealth* v. *McCarthy,* 385 Mass. 160, 160 n.1 (1982). 4. The judgment on no.

028374 is affirmed; the judgment and the verdict on count 3 of no. 029922 are to be vacated and that count dismissed.

*So ordered.*

*Ellen A. Howard* for the defendant.

*Terence M. Troyer,* Assistant Attorney General, for the Commonwealth.