Toomey, J.
INTRODUCTION
Defendant has moved to dismiss the indictment accusing her of a number of controlled substance offenses arising out of the police discovery of heroin and cocaine at 5 Clifton Street, Worcester, Massachusetts. She maintains that the evidence presented to the Grand Jury did not rise to the level required by law, to wit, probable cause to arrest her for the offenses as to which she was indicted. See Commonwealth v. McCarthy, 385 Mass. 160 (1982). The Supreme Judicial Court has defined the “probable cause to arrest” standard as the existence of:
facts and circumstances in the arresting officer’s knowledge and of which he or she has reasonably trustworthy information . . . sufficient to warrant a person of reasonable caution to believe that an offense has been or is being committed.
Commonwealth v. Williams, 422 Mass. 111, 119 n. 11 (1996). At bar the “facts and circumstances" were not sufficient to persuade a reasonably cautious Grand Juror that defendant had committed a criminal offense. Accordingly, the motion to dismiss will be ALLOWED.
FACTS
Viewing the evidence presented to the Grand Jury in its aspect most favorable to the Commonwealth and indulging every reasonable inference in a manner consistent with the Commonwealth’s contention, this Court finds that that evidence consisted of the following.
1. Members of the Worcester Police Department possessed a search warrant for the premises located at 5 Clifton Street in Worcester.[1] Minutes, p 3.
2. The police followed defendant and one Danilo Almonte as they rode in a vehicle, Almonte driving, from 5 Clifton Street to Main Street, Worcester. Minutes, p 4.
3. The Almonte vehicle stopped and Almonte exited. He approached another vehicle, which had stopped on Main Street, and conversed with its occupant. Minutes, p 5.
4. The nature of the contact between Almonte and the operator of the other vehicle was consistent with a drug transaction. Minutes, p 5. There was no evidence presented to the Grand Jury with respect to defendant’s conduct at the Main Street incident or her ability to observe the transaction between Almonte and the other operator.
5. The police approached the operator of the second vehicle, found drugs on his person and arrested him. Almonte and defendant were then “stopped and brought back to the Clifton Street address.” Minutes, p 5.
6. At 5 Clifton Street, the police gained entrance to the residence using a set of keys taken from defendant. Minutes, p 6.
7. There was no evidence presented to the Grand Jury with respect to the conformation of the apartment, i.e., the number of bedrooms, the identity of occupants of bedrooms and whether any bedroom was secured.
8. In a bedroom, the police seized packaging material (under a mattress), a Tanila scale, commonly used by drug dealers (upon a bureau), Inositol (a drug cutting agent) and a box of sandwich bags. Minutes,
p 6.
9. In the drop ceiling of the bathroom, police found a number of baggies containing 124.44 grams of heroin and 12.9 grams of cocaine. Minutes, p 7.
10. Almonte claimed that all the drugs found in the bathroom were his and were not defendant’s. Minutes, P 8.
11. Defendant denied knowing about the drugs but did admit that “she thought something was going down." Id.
12. Paperwork found on the premises “suggested a long-term relationship between [Almonte and defendant] and that Clifton Street address.” Id.
DISCUSSION
In order to prevail over the McCarthy motion to dismiss, the Commonwealth must have presented to the Grand Jury evidence amounting to probable cause to arrest defendant for the controlled substance offenses of which she was indicted. Commonwealth v. McCarthy, 385 Mass. 160, 163 (1982). As noted, supra, that obligation is satisfied when the evidence would “warrant a person of reasonable caution in the belief that an offense has been or is being committed.” Commonwealth v. Williams, 442 Mass. 111, 119 n. 11 (1996). At bar, the evidence offered to the Grand Jury falls short of the McCarthy/Williams benchmark.
*356 According to the evidence, and reasonable inferences, the officers knew only (1) that defendant was present in the vicinity of the transfer by Almonte of controlled substances at Main Street, (2) that defendant possessed a set of keys to 5 Clifton Street, (3) that controlled substances were found hidden in a drop ceiling at 5 Clifton Street, (4) that paraphernalia was found in a bedroom at 5 Clifton Street, (5) that unspecified papers linked defendant and Almonte to 5 Clifton Street and (6) that defendant thought that Almonte might be dealing drugs. That evidence does not supply probable cause to arrest defendant, and a priori, does not support the indictment.
At best, the evidence delivered to the Grand Jurors would have permitted them to conclude the defendant was merely present at the Main Street transaction, lived with Almonte at 5 Clifton Street and, after the discovery of the drug cache in the drop ceiling, had become aware that “something was going down.” There was no evidence suggesting that defendant knew beforehand the purpose of Almonte’s activities on Main Street nor was there evidence that she observed his doings at the other vehicle. And, even if we stretch credulity and assume that defendant was fully informed of Almonte’s commercial endeavors, the circumstances paint only a knowing presence by defendant and not either the intentional participation necessary to suggest that defendant aided, counseled, hired or procured Almonte’s Main Street crime, see G.L.c. 274, §2, or the purposeful conduct in support of Almonte’s efforts necessary to constitute a joint venture. See Commonwealth v. Mattos, 404 Mass. 672, 681 (1989); Commonwealth v. Longo, 402 Mass. 482 (1988). The evidence of defendant’s mere presence at the Main Street site adds nothing to the probable cause required to arrest her or, for that matter, to indict her.
Similarly, the evidence of keys in her pocket and the “paperwork” linking her to 5 Clifton Street is, in essence, a neutral circumstance. While both demonstrate defendant’s connection to 5 Clifton Street, that association does not advance the Commonwealth’s case for probable cause any appreciable distance. That defendant had a "long term relationship” with 5 Clifton Street, in which were found certain items commonly used for, inter alia, drug transactions and in which was hiddenin a drop ceilingcontrolled substances, does not constitute probable cause to arrest her either as a principal, a joint venturer or an accessory. There was no evidence that the premises were a hub of drug activity and hence no inference that defendant was aware of the cache in the ceiling or was knowledgeable as to Almonte’s alleged commercial interests. Her concession that she knew “something was going down” is hardly probative of a cooperative association with Almonte and is little more than a reflex reaction to the tumult surrounding her removal from Main Street and the police activity at 5 Clifton Street.
CONCLUSION
In sum, while we ought not to engage in a segmented parsing of each element alleged to contribute to probable cause and we ought, rather, to subject the totality of the evidence to the probable cause litmus, it is clear that, under either analytical approach, the evidence at bar does not permit the conclusion that a reasonable person might find probable cause to arrest defendant for the controlled substance offenses for which she has been indicted. The sum of the evidentiary points does not reasonably suggest that defendant had committed or was committing controlled substance offenses. Her mere presence at Main Street and at 5 Clifton Street does not constitute probable cause to arrest. Defendant’s motion to dismiss indictments numbered 01-0490 (1 through 4) is, therefore, ALLOWED.

 Neither the particulars of the warrant nor the affidavit which, presumably, generated its issuance were presented to the Grand Jury.