COMMONWEALTH *vs.* BRANDON ALVES. No. 06-P-1689. November 28, 2007. *Grand Jury. Practice, Criminal,* Grand jury proceedings. *Controlled Substances. Probable Cause. Arrest.*

The Commonwealth appeals from the dismissal of an indictment charging the defendant, Brandon Alves, with trafficking cocaine, in violation of G. L. c. 94C, § 32E(*b*)(2). We agree that the evidence before the grand jury, though perhaps insufficient to support a conviction on the charge under the reasonable doubt standard, was adequate to meet the considerably lower standard of proof required for a grand jury indictment.

Early on the morning of Saturday, August 20, 2005, State police Trooper Dennis Keeler was dispatched to the scene of a motor vehicle accident on Route 24 in Taunton. At the accident scene, Trooper Keeler observed a BMW automobile wedged beneath a boat that had fallen from a trailer pulled by a Ford pickup truck. The defendant, the driver of the BMW, had been placed on a stretcher. The defendant (who was alert and conscious) was then transported to a nearby hospital.

Following the defendant's departure from the accident scene, police conducted an inventory search of the BMW. In the trunk, police discovered a black crate, which contained two bags. One of the two bags, a duffel bag, contained men's gym clothing. The other bag, a gray nylon bag about the size of a football, contained three plastic bags containing substances that appeared to be cocaine.[1] The police determined that the BMW was registered to the defendant's mother. There were no other passengers or occupants in the BMW. On the strength of the above-described evidence, a grand jury indicted the defendant on a charge of trafficking cocaine.

The defendant moved to dismiss the indictment, pursuant to *Commonwealth v. McCarthy*, 385 Mass. 160 (1982). In his endorsement allowing the motion, a Superior Court judge cited *Commonwealth v. Garcia*, 409 Mass. 675 (1991), to support his conclusion that the evidence before the grand jury did not establish the defendant's knowledge of or intent to control the cocaine found in the trunk of the car.

"Generally a court will not inquire into the competency or sufficiency of the evidence before the grand jury." *Commonwealth v. Coonan*, 428 Mass. 823, 825 (1999). A narrow exception arises where the evidence before the grand jury is insufficient to establish "the identity of the accused . . . and probable cause to arrest him." *Commonwealth v. McCarthy, supra* at 163. However, the standard of probable cause is "considerably less exacting than a requirement of sufficient evidence to warrant a guilty finding." *Commonwealth v. O'Dell*, 392 Mass. 445, 451 (1984). Put differently, the standard of probable

---

[1]Two of the plastic bags appeared to contain "crack" cocaine, while the third appeared to contain powder cocaine. After testing, one bag was determined to contain 89.03 grams of a substance that was seventy-seven percent cocaine, and a second bag was determined to contain 4.20 grams of a substance that was seventy-two percent cocaine. The third bag did not contain cocaine or other contraband.

cause to indict is essentially equivalent to whether there is probable cause to arrest. See *Commonwealth* v. *Caracciola*, 409 Mass. 648, 650 (1991).

"[P]robable cause exists where, at the moment of arrest, the facts and circumstances within the knowledge of the police are enough to warrant a prudent person in believing that the individual arrested has committed or was committing an offense." *Commonwealth* v. *Storey*, 378 Mass. 312, 321 (1979), cert. denied, 446 U.S. 955 (1980). The test is an objective one. *Commonwealth* v. *Hason*, 387 Mass. 169, 175 (1982). *Commonwealth* v. *Ceria*, 13 Mass. App. Ct. 230, 233 n.3 (1982). "The officers must have entertained rationally 'more than a suspicion of criminal involvement, something definite and substantial, but not a prima facie case of the commission of a crime, let alone a case beyond a reasonable doubt.' " *Commonwealth* v. *Santaliz*, 413 Mass. 238, 241 (1992), quoting from *Commonwealth* v. *Rivera*, 27 Mass. App. Ct. 41, 45 (1989).

The decision in *Commonwealth* v. *Garcia*, *supra* at 686-688, on which the motion judge relied, considered the sufficiency of the evidence to support a conviction on a theory of constructive possession. It is accordingly inapposite to the question whether the evidence satisfied the much lower standard of probable cause to indict. See *Commonwealth* v. *Collado*, 426 Mass. 675, 680 n.8 (1998). Against that lower standard, we have no hesitation in concluding that the discovery of significant quantities of cocaine adjacent to a duffel bag containing men's athletic clothing in the trunk of the vehicle the defendant was driving, with no other occupants, was sufficient to furnish probable cause for his arrest and indictment on a charge of trafficking.

The order dismissing the indictment is reversed, and the case is remanded to the Superior Court for further proceedings.

*So ordered.*

*Rachel J. Eisenhaure*, Assistant District Attorney, for the Commonwealth.
*Stephen B. Swaye* for the defendant.