Lu, John T., J.
INTRODUCTION
The defendant, Robert Friberg (Mr. Friberg), was indicted by an Essex Couniy grand jury for manslaughter, assault and battery by means of a dangerous weapon on a person sixty or older, assault and battery on an elderly person, and intimidation of a witness. Mr. Friberg now moves to dismiss the manslaughter count on grounds that the grand jury did not hear sufficient evidence to establish probable cause to indict him.
The Court denies the motion because the evidence presented to the grand jury provided probable cause to believe that Mr. Friberg either acted wantonly and recklessly when he struck his seventy-two-year-old mother, resulting in her death, or that he knew or should have known that striking his elderly mother endangered her life.
BACKGROUND
Prior to his indictment, Mr. Friberg, a forty-four-year-old, lived with his seventy-two-year-old mother, Priscilla Friberg (Ms. Friberg), at a retirement community in Topsfleld. Before her death, Ms. Friberg suffered from hypertensive cardiovascular disease, or high blood pressure, for which she took medication. Mr. Friberg likewise treated his high blood pressure with medication.
On Friday, March 20, 2009, Ms. Friberg went to work at the Java City located in the cafeteria at Masconomet Regional High School. Mr. Friberg began drinking alcohol sometime that afternoon and made a number of calls to his physician seeking pain medication for a fractured rib he sustained a few days earlier. Mr. Friberg’s physician initially refused his requests for medication due to his history of alcohol abuse, but around 4:00 p.m., Mr. Friberg was approved for a small order of Arthrotec to help with his pain over the weekend until he could schedule an appointment. He was told that his medication was not available for pickup until 5:15 P.M.
When Ms. Friberg returned from work, Mr. Friberg insisted that she pick up his medication. Not believing that a doctor would prescribe pain medication to an intoxicated patient, Ms. Friberg refused. Mr. Friberg became angiy, grabbed her, put his fist in her face, and demanded that Ms. Friberg pickup his pain medication. Ms. Friberg became fearful and went into the kitchen to call the police. Mr. Friberg grabbed the telephone away from Ms. Friberg and then struck her on the left arm causing two large bruises. Ms. Friberg fled to her neighbor’s where the police were called.
Topsfleld police arrived, arrested Mr. Friberg, and transported him to the Topsfleld Police Station. Ms. Friberg returned to her condominium with Officer Christopher Sanbome. As she relayed the stray to Officer Sanborne, Ms. Friberg’s breathing became labored which became diy heaving. She also complained of back pain and numbness in her right leg. The fire department responded and she was taken by ambulance to Beverly Hospital and then transferred to Boston Medical Center. Ms. Friberg died the next day at 4:09 P.M. Ms. Friberg’s autopsy showed that she died of an aortic dissection with hemo-pericardium or a rupture of the wall of her aorta due to spiking blood pressure resulting in internal bleeding.
The Commonwealth presented its evidence against Mr. Friberg to six sessions of a grand juiy spanning just over one month. On July 1, 2009, the grand jury returned the indictments.
DISCUSSION
The Standard
As a general rule, courts will not inquire into the competency or sufficiency of the evidence before the grand jury. Commonwealth v. Moran, 453 Mass. 880, 883-84 (2009), citing Commonwealth v. McCarthy, 385 Mass. 160, 163 (1982). The exception to this rule is when “a grand jury receives no evidence of criminalify on the part of the accused, the indictment must be dismissed . . . ‘[A]t the very least the grand jury must hear sufficient evidence to establish the identity of the accused . . . and probable cause to arrest him.’ ” Commonwealth v. Coonan, 428 Mass: 823, 825 (1999), citing Commonwealth v. Angiulo, 415 Mass. 502, 510 (1993). Probable cause is based on “reasonably trustworthy information... sufficient to warrant a prudent man in believing that the defendant had committed ... an offense.” Id., citing Commonwealth v. O’Dell, 392 Mass. 445, 450 (1984); see also Beck v. Ohio, 379 U.S. 89, 91 (1964). A grand jury may indict solely on hearsay evidence. McCarthy, 385 Mass. at 162. The sufficiency of the evidence to establish the identify of the accused and the probable cause to arrest him is *512 “considerably less exacting” than the sufficiency of the evidence to obtain a guilty finding. Commonwealth v. O’Dell 392 Mass. 445, 451 (1984). The question is whether the Commonwealth failed to produce any evidence of the defendant’s criminal activity before the grand jury; if this is so, then a motion to dismiss should be granted. See Commonwealth v. Clarke, 44 Mass.App.Ct. 502, 509 (1998).
Analysis
Although Mr. Friberg was charged with manslaughter, the Commonwealth is only pursuing a theory of involuntary manslaughter as provided in their bill of particulars. An indictment for involuntary manslaughter can be based on two theories: (1) an unintentional killing resulting from “a battery not amounting to a felony which the defendant knew or should have known endangered human life; or (2) wanton and reckless conduct causing death. Commonwealth v. Sanna, 424 Mass. 92, 105 (1997), citing Commonwealth v. Pierce, 419 Mass. 28, 33 (1994).
Mr. Friberg argues that the evidence presented to the grand jury was insufficient under both involuntary manslaughter theories and, accordingly, that this Court should dismiss the manslaughter count. Under the first theory, an unintentional killing resulting from a battery that Mr. Friberg allegedly knew or should have known to endanger human life, Mr. Friberg contends that he could not and should not have known that striking Ms. Friberg with a telephone would endanger her life since the fragile state of Ms. Friberg’s aorta was discovered after her death.
The Court declines to accept this argument. The grand jury heard sufficient evidence to infer that Mr. Friberg knew or should have known that striking his mother with a telephone would endanger her life. The evidence showed that Mr. Friberg lived with Ms. Friberg for several years before the incident, that Mr. Friberg knew of Ms. Friberg’s high blood pressure and that she took medication for it, that Mr. Friberg knew that his mother was seventy-two years old, and that Ms. Friberg’s death resulted from Mr. Friberg’s battery. While the evidence presented to the grand jury may or may not be sufficient to warrant a conviction at trial, the Commonwealth was not required to meet this burden before the grand jury. See Commonwealth v. O’Dell, 392 Mass. 445, 452 (1984). The totality of the evidence was sufficient for the grand jury to conclude that there was probable cause to believe that a reasonable person would have known of the danger to human life in striking an elderly woman with a telephone, and that Ms. Friberg’s death resulted from Mr. Friberg’s battery.
Mr. Friberg also contends that there was insufficient evidence presented to the grand jury to support a charge of manslaughter under a wanton and reckless conduct theory. Involuntary manslaughter is an unlawful homicide unintentionally caused by wanton and reckless conduct. Commonwealth v. Walker, 442 Mass. 185, 191-92 (2004). Wanton or reckless conduct “is intentional conduct . . . which involves a high degree of likelihood that substantial harm will result to another.” Id. at 192, citing Commonwealth v. Welansky, 316 Mass. 383, 399 (1944). Arguing that he did not know and could not have known that striking his mother would or could have caused her death, Mr. Friberg contends that his conduct was not wanton and reckless. He further argues that the grand jury heard no evidence that Mr. Friberg’s battery did in fact cause Ms. Friberg’s death.
This Court disagrees and finds that the grand jury heard sufficient evidence and had probable cause to indict on the charge of manslaughter. Since involuntary manslaughter requires a “high degree of likelihood that substantial harm will result,” Mr. Friberg is not required to know or foresee the possibility that death could result from his actions. See Commonwealth v. Fortes, 47 Mass.App.Ct. 214, 216 (1999). “The test is the danger a reasonably prudent person would apprehend.” Id., citing Commonwealth v. Reed, 427 Mass. 100, 104, 106 (1998). Contrary to Mr. Friberg’s contention, the proper analysis is not whether he personally could have foreseen substantial harm result from striking his mother, but whether an “ordinary normal person under the same circumstances would have realized” the danger. See Walker, 442 Mass. 185, 192. The grand jury heard testimony indicating that Mr. Friberg intentionally struck his seventy-two-year-old mother with a telephone. “Where the victim is elderly, years removed from the rough and tumble of the playground and contact sports ... [there is] a high likelihood of injury.” See Fortes, 47 Mass.App.Ct. at 216. It is not unreasonable for a grand jury to have found substantial harm, even death, foreseeable from striking an elderly person. Even if Mr. Friberg failed to ascertain the danger in striking an elderly person, or the precise mechanism of the substantial harm and death, “he cannot escape the imputation of wanton or reckless conduct in his dangerous act.” See Welansky, 316 Mass. at 398. The grand jury also heard testimony that Mr. Friberg was aware of his mother’s high blood pressure and that she regularly took medication for it. Expert testimony was also given that connected Ms. Friberg’s death to Mr. Friberg’s battery. Under these circumstances, the grand jury could reasonably find, based on the evidence presented, that there was probable cause to believe that Mr. Friberg acted wantonly and recklessly when he struck his seventy-two-year-old mother, causing her death.
The Court understands the defendant’s arguments, which in part are that the manslaughter indictment represents an unwarranted extension of this criminal offense to conduct which has not often been determined to be manslaughter. On balance, the court is persuaded that, on these facts, including Ms. Friberg’s age and condition and Mr. Friberg’s violent acts, the *513 grand jury was entitled to return the indictment for manslaughter.
ORDER
The defendant, Robert Friberg’s, motion to dismiss (Paper #15) is DENIED.