Haggerty, S. Jane, J.
In my view, the evidence presented to the grand jury concerning the defendant’s commission of the Sudbury breaking and entering was insufficient to satisfy the McCarthy standard. See Commonwealth v. McCarthy, 385 Mass. 160, 162 (1982).
In sum, the following evidence presented to the grand jury allegedly ties the defendant to the April 25, 2011 breaking and entering at the Sudbury residence.
(1) The nanny, who was not at home for a substantial period during the day of the crime, received a 12:54 p.m. phone call (first call) and a 12:56 p.m. phone call (second call) on her cell phone which she did not answer:
(2) The breaking and entering allegedly occurred when the nanny was away from the residence from mid-morning to mid-afternoon;
(3) Although there is no subscriber for the particular cell phone number from which the calls originated, it is a phone number which defendant lists as his, and the nanny thought it was the defendant’s cell phone number, and she conveyed this information to the police on April 26, 2010;
(4) The nanny lives in the same apartment building in Hudson as that of the defendant’s mother;
(5) According to the cell tower records, the first call was made from approximately two-tenths of a mile from the Sudbury residence and the second call was *270 made from approximately 4.4 miles from the Sudbuiy residence;
(6) Stolen in the breaking and entering were three laptop computers, a $100 bill and jewelry, including a pink diamond ring valued at $40,000;
(7) The following day a car was purchased in the name of the defendant’s mother by the unemployed defendant for three to four thousand dollars;
(8) The defendant’s mother claims she paid for the car but her version is highly suspect given her finances and she was evasive about a bill of sale;
(9) The defendant claimed he had not been in Sudbuiy for over one year; and
(10) In December 2009, the defendant did some odd jobs at the residence in Sudbuiy on the recommendation of the nanny.
Although the evidence raises a strong suspicion that the defendant was somehow involved in the crime, it is insufficient to demonstrate that the defendant perpetrated a breaking and entering and related crimes to the degree required by McCarthy.
ORDER
For the foregoing reasons the Defendant’s Motion to Dismiss is ALLOWED and Counts 1 through 4 of Indictment No. 2011-1195 are hereby DISMISSED.