A Superior Court jury convicted the defendant, Todd J. Germaini, of larceny over $250. Following the conviction, the defendant was found guilty of being a common and notorious thief after a jury-waived trial. On appeal, the defendant contends the denials of his motion for new trial and motion to dismiss were erroneous and his trial counsel was ineffective.[2] We affirm.
Background. Based on the evidence presented by the Commonwealth, the jury could have found the following facts. On March 8, 2014, Germaini was in the Hyannis Home Depot store where he was observed by Travis Riggle, the loss prevention employee for Home Depot, taking a "heavy duty" drill and a drill bit from the hardware department. Germaini took the items to the kitchen and bath section of the store where he removed the drill and drill bit from their packaging and put the items down the front of his pants. Germaini then "paced the aisle" at which point he observed Riggle. Upon seeing Riggle, Germaini removed the drill and drill bit from his pants, left them in the kitchen and bath section, and left the store. Riggle stopped Germaini, brought him back into the store, and contacted the Barnstable police. Germaini was placed under arrest and transported to the police station.
Discussion. 1. Motion for new trial. Prior to trial, the defendant was provided with a report of the incident prepared by Riggle. This report incorrectly indicated that the defendant walked out of the store with the items. At trial all parties learned for the first time that the report was incorrect and that Riggle had prepared an amended report that had not been provided to the police or the prosecutor. The defendant's motion for new trial claims that he was prejudiced by the prosecutor's failure to provide him with a copy of Riggle's amended report prior to trial.
"A motion for new trial is addressed to the sound discretion of the judge, and the judge's disposition of the motion will not be reversed unless it is manifestly unjust, or unless the trial was infected with prejudicial constitutional error. Reversal for abuse of discretion is particularly rare where[, as here,] the judge acting on the motion was also the trial judge." Commonwealth v. Moore, 408 Mass. 117, 125 (1990) (citations omitted).
We reject the defendant's assertion that the judge abused his discretion in denying the motion for new trial. The Commonwealth could not disclose an amended report it never had in its possession. "The Commonwealth's responsibility to provide discovery to the defendant extends to material in its possession, custody, or control, and includes information in the possession of persons who have participated in the investigation or evaluation of the case and who report to the prosecutor's office concerning the case." Commonwealth v. Williams, 456 Mass. 857, 870 (2010). Riggle was an employee of Home Depot and, as such, was an independent witness. He was not an agent of the Commonwealth. See Commonwealth v. Beal, 429 Mass. 530, 532-533 (1999).
2. Motion to dismiss. The defendant next asserts error in the denial of his pretrial motion to dismiss the indictment for larceny based on his claim that the grand jury heard insufficient evidence to establish probable cause as to the elements of asportation and intent to permanently deprive. See generally Commonwealth v. McCarthy, 385 Mass. 160, 163 (1982).[3]
Applying the standard set forth in McCarthy, we conclude that sufficient evidence was presented to the grand jury to establish probable cause for the indictment for larceny. Here the defendant took the items from the hardware section of the store to the kitchen and bath section where he was observed removing the packaging and placing the items down his pants. After pacing in the aisle and seeing the loss prevention employee, the defendant removed the items from his pants and left them in the kitchen and bath section. See Commonwealth v. Vickers, 60 Mass. App. Ct. 24, 27 (2003) ("[I]t is well-recognized in Massachusetts and elsewhere that taking goods beyond a store's premises is not a necessary precondition to a larceny conviction; the element of asportation may be satisfied if the defendant's behavior establishes that he or she removed the goods from the store's control to his or her own"). As to his intent, "even if the defendant ultimately gave up [his] efforts to remove the goods from the premises" when he placed the items down his pants, he "did so with an intent that was inconsistent with purchasing the goods and had transferred control to [himself]." Id. at 28.
3. Ineffective assistance of counsel. Finally, the defendant claims that his trial counsel was ineffective for failing to obtain Riggle's amended report and failing to object to three jurors. The defendant's trial counsel cannot be considered ineffective where the disclosure of the amended report was made for the first time during Riggle's testimony at trial. As to the claim relating to the selection of jurors, the defendant has failed to indicate the nature of any alleged prejudice resulting from the jury selection, or to support such allegations with argument.[4]
For these reasons we conclude that the defendant's trial counsel was not ineffective.
Judgments affirmed.
Order denying motion for new trial affirmed.

After the defendant noticed his appeal from the judgments and the order denying his motion for new trial, he dismissed that appeal. See Mass.R.A.P. 29(b), as amended, 378 Mass. 943 (1979). He then filed a motion for a required finding, which was denied, and then a new notice of appeal. As a result, the order denying the motion for new trial may not properly be before us. But because neither party raises this issue, and the argument has been fully briefed, we address the appeal of the order in our discretion. See Lombardi v. Lombardi, 68 Mass. App. Ct. 407, 410-411 (2007).

We review the evidence to determine whether the grand jury heard "sufficient evidence to establish the identity of the accused, ... and probable cause to arrest him." McCarthy, supra. This standard "is considerably less exacting than the requirement that a judge must apply at trial." Commonwealth v. Bell, 83 Mass. App. Ct. 61, 63 (2013). "All that is required is 'reasonably trustworthy information ... sufficient to warrant a prudent [person] in believing that the defendant had committed ... an offense.' " Ibid., quoting from Commonwealth v. O'Dell, 392 Mass. 445, 450 (1984).

"Where the defendant merely lists alleged errors and complaints, without proper argument, that list does not merit our attention. Mass.R.A.P. 16(a)(4), as amended, 367 Mass. [921] (1975)." Commonwealth v. Klein, 400 Mass. 309, 316 (1987).