The defendant, Jenise Rodriguez, was indicted for three counts of intimidation of a juror. A Superior Court judge subsequently allowed the defendant's motion to dismiss the indictments pursuant to Commonwealth v. McCarthy, 385 Mass. 160 (1982). The Commonwealth appeals therefrom. We affirm.
Background. During a 2016 jury trial in the Superior Court, the defendant[2] in the present case -- the girl friend or spouse of the defendant then on trial (hereinafter, trial defendant) -- interacted[3] with two jurors sitting on a bench outside of the jury room. The defendant, seated six to eight feet from the jurors, asked, "[H]ow long is this gonna take?" After one of the jurors responded that the trial was expected to last three to four days, the defendant responded, in reference to the trial defendant, "That's crazy, that's my husband." She also told the jurors that her husband was a "nice guy." The jurors remained on the bench for a few minutes, during which time the defendant was looking at them. After the jurors entered the jury room, they relayed the substance of the interaction to a court officer. One juror felt that the defendant's actions were "inappropriate" and made her "uncomfortable," and characterized the encounter as "unsettling." The other juror subsequently told a Massachusetts State police trooper that he "worried about getting involved and fear[ed] for his family because they live in Springfield."
The defendant also spoke to a third juror in the hallway that leads to the jury room, and asked if she was a juror. The defendant told her that the other jurors had already entered the jury room, and then stated, "Tell the other people that my husband is a really, really good guy." As a result of the interaction, the third juror appeared to be "shaken" and "seemed a little flustered, a little uncomfortable," and "a little pressured."
Upon learning of the interactions involving the defendant, the trial judge questioned all three jurors individually. Asked whether the encounter would "impact" their ability to be fair and impartial, one juror responded, "No." Another juror responded, "No. It was a very limited conversation." The third juror responded, "No, not at all."
Discussion. In allowing the defendant's motion to dismiss, the judge concluded that the evidence presented to the grand jury failed to satisfy the element of intimidation. See id. at 164. We agree.
"Fundamental considerations of fairness require that a court dismiss an indictment where ... the grand jury receives no evidence of criminality on the part of the accused" (citation and quotations omitted). Commonwealth v. Moran, 453 Mass. 880, 884 (2009). Although "[p]robable cause to sustain an indictment is a decidedly low standard," Commonwealth v. Hanright, 466 Mass. 303, 311 (2013), abrogated on other grounds, Commonwealth v. Brown, 477 Mass. 805 (2017), a grand jury "must be presented with evidence on each of the ... elements of each offense charged in order for an indictment to stand" (citation and quotations omitted). Hanright, supra at 312. See E.B. Cypher, Criminal Practice and Procedure § 17:8 (4th ed. 2014).
Here, the defendant was indicted under G. L. c. 268, § 13B, which required the Commonwealth to introduce evidence that the defendant (1) wilfully endeavored, (2) by means of intimidation, force, or express or implied threats of force, (3) to influence, impede, obstruct, delay, or otherwise interfere (4) with any juror in any stage of a trial or other criminal proceeding. See Commonwealth v. Lester, 70 Mass. App. Ct. 55, 68 n.14 (2007). There is no dispute that the Commonwealth presented sufficient evidence that the defendant wilfully endeavored to influence the jurors during a criminal proceeding. The sole issue in the present case is whether there was evidence that the defendant did so by means of intimidation.
Intimidation consists of evidence that the defendant engaged in "acts or words that would instill fear in a reasonable person." Commonwealth v. Rivera, 76 Mass. App. Ct. 530, 535 (2010).[4] Here, there was no evidence that the defendant's conduct would have instilled fear in a reasonable person. According to the evidence presented, her conduct consisted of asking a question, stating that her boy friend or husband was a nice guy, asking a juror to tell other jurors that he was a nice guy, and looking at two jurors who sat outside or near the jury room. Such evidence, viewed in light of the surrounding circumstances and in the light most favorable to the Commonwealth, does not rise to the level of intimidation under our case law. Compare Commonwealth v. Pagels, 69 Mass. App. Ct. 607, 613 (2007). In the context of this particular case, absent evidence of the defendant's tone of voice, body language, demeanor, or other evidence tending to show that her conduct "would instill fear in a reasonable person," Rivera, 76 Mass. App. Ct. at 535, the indictment cannot stand.[5] Accordingly, we hold only that in the absence of any such evidence, the defendant's conduct did not constitute intimidation under a reasonable person standard.[6]
Order dismissing indictments affirmed.

To avoid confusion, we refer to the defendant in the present case as "the defendant," and refer to the defendant in the underlying Superior Court trial as "the trial defendant."

The Commonwealth concedes that there was no evidence in the grand jury record that the defendant "approached" the two jurors.

The judge also determined that the Commonwealth did not introduce evidence meeting the definition of "harassment." Harassment includes "any act directed at a specific person or persons, which act seriously alarms or annoys such person or persons and would cause a reasonable person to suffer substantial emotional distress." G. L. c. 268, § 13B. For the reasons delineated supra, we discern no error in the judge's conclusion.

Evidence that the defendant "looked at" two jurors while they sat outside the jury room adds little to the Commonwealth's argument. The Commonwealth did not introduce any evidence that the defendant glared or "stared" at any juror. See Commonwealth v. McDonald, 462 Mass. 236, 244 (2012) ("We are reluctant to imbue 'staring' with any sinister connotation in the absence of an objective basis -- such as a description of something particular in the defendant's facial expression, verbal expression, or body language -- from which such a subjective assessment could have been made").

Our decision should not be construed to reflect approval of the defendant's behavior. Her conduct reflected an improper effort to influence criminal proceedings. That notwithstanding, evidence that a defendant sought to influence a juror, without more, does not rise to the level of a violation of G. L. c. 268, § 13B, as charged in this case.