NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-382

COMMONWEALTH

vs.

CHRISTIAN M. REYES.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

A Superior Court jury convicted the defendant, Christian M. Reyes, of rape of a child (occurring in Scituate), dissemination of material depicting a child in a state of nudity (two counts), possession of material depicting a child engaged in sexual conduct (two counts), posing or exhibiting a child engaged in sexual conduct (two counts), and furnishing alcohol to a minor. Claiming deficiencies in the grand jury presentation as well as errors at trial, the defendant appeals. We affirm.

1. Grand Jury. Challenging the denial of a pretrial motion to dismiss, the defendant claims that the Commonwealth presented "distorted" and "insufficient" evidence to the grand jury. Applying de novo review, see Commonwealth v. Barlow-

Tucker, 493 Mass. 197, 204 (2024), we conclude that the motion judge did not err.

a. Integrity of Grand Jury Presentation. The defendant has not met his "heavy burden" to show the prosecutor impaired the integrity of the grand jury presentation. Commonwealth v. Stevenson, 474 Mass. 372, 376 (2016). He posits that the prosecutor misled grand jurors to believe that the victim was less than sixteen years old in two video recordings depicting sexual acts with the defendant. Evidence before the grand jury consisted of testimony from an investigating police officer and four exhibits (including a video recording of the victim and the defendant in the woods in Scituate, a video recording of the victim and the defendant in a car in Duxbury, photographs from the victim's cell phone, and the defendant's statement to the police). Testimony showed that the victim reported to a school resource police officer that when she was fifteen the defendant had sex with her "at least twice." One of those incidents occurred in the woods in Scituate where the defendant made a video recording. This Scituate incident formed the basis for the defendant's indictment and conviction for rape of a child. Testimony also showed that the defendant had sex "multiple times" with the victim in his car, where he recorded one of those incidents while they were in Duxbury. The officer further

2

testified that at the time of "the incident in the woods, and one of the incidents in the car, [the victim] is the age of 15." From this testimony, we discern no "false or deceptive" evidence being presented to the grand jury. Commonwealth v. Mayfield, 398 Mass. 615, 621 (1986). The police officer's testimony made clear that there were multiple incidents, at least two occurred when the victim was fifteen years old, many occurred in the defendant's car, the victim was fifteen during the recorded incident in the woods in Scituate, and the victim was fifteen during one of the incidents in the defendant's car.

This evidence did not impair the grand jury presentation simply because more detailed evidence emerged at trial showing that the Duxbury video recording was made after the victim turned sixteen. See Commonwealth v. Hall, 485 Mass. 145, 158-159 (2020) (integrity of grand jury unimpaired though grand jury witness testified that cell tower data could pinpoint defendant's location, but trial expert testified data could not provide exact location). Had the police officer here "specifically clarified" that the Duxbury video recording depicted the victim at the age of sixteen, "there is no likelihood that the grand jury would not have indicted the defendant" for rape of a child given evidence that the victim was under the age of sixteen during "at least" two incidents,

3

one of which was memorialized by a video recording taken in Scituate.  Id. at 159.

Even if the grand jury testimony could have been more precise as to the victim's age in the Duxbury video recording, the defendant has not shown that any possible uncertainty influenced the decision to indict.  See Commonwealth v. Levesque, 436 Mass. 443, 456 (2002) (grand jury integrity unimpaired though "presentation of the evidence was not entirely clear"); Commonwealth v. Drumgold, 423 Mass. 230, 238, (1996) (grand jury integrity unimpaired though "[t]here was disagreement among the witnesses as to whether there were two shooters or three and there was no unanimity with respect to the clothes the shooters were wearing"); Commonwealth v. Reyes, 98 Mass. App. Ct. 797, 806 (2020) (grand jury integrity unimpaired though "ambiguity" in evidence).

We likewise discern no impropriety from additional grand jury testimony related to evidence obtained from cell phones. The defendant contends that the prosecutor misled grand jurors to believe that the police extracted incriminating video recordings from the defendant's cell phone and conducted a forensic analysis of the victim's cell phone.  We disagree. Testimony before the grand jury showed that, through a "forensic analysis" of the defendant's cell phone, investigators extracted

4

video recordings.  The officer testified that "[t]here was also phone evidence taken from [the victim's] phone" (without explanation as to the method used to obtain the video recordings) and "screen shots" that the victim provided.  Even if the forensic analysis of the defendant's cell phone did not yield incriminating evidence, as the defendant maintains, additional testimony showed that the defendant "took" the Scituate video recording and "sent" it to the victim, and he sent her a sexually explicit photograph in connection with the Duxbury video recording.  Thus, we discern no impropriety.

We also discern no impairment of the grand jury proceeding through testimony about a partially recovered text message exchanged between the defendant and the victim that included the number "15."  During her grand jury testimony, the police officer stated that the number in the text message "alludes to the idea that [the victim] was 15."  We need not decide whether such testimony was warranted because even if the officer overstated the content of the text message, the testimony did not impair the grand jury proceeding.  As previously discussed, other evidence established that the victim was fifteen during at least two incidents.  Also, the defendant's knowledge of the victim's age was not required to establish liability for rape of a child.  See Commonwealth v. Miller, 385 Mass. 521, 522 (1982)

(rape of child "may be committed with or without any knowledge on the defendant's part of the age of the victim"). Grand jurors also had the chance to examine the defendant's statement to the police where he initially denied knowing the victim, having sex with her, or knowing she was under sixteen, but ultimately admitted having sex with her and speaking with her for the last time during a prepandemic period -- a time during which the victim was still fifteen.

b. Sufficiency of Grand Jury Evidence. The decision of the grand jury to return an indictment "is enough to call for trial of the charge[s] on the merits." Costello v. United States, 350 U.S. 359, 363 (1956). Courts "will not inquire into the competency or sufficiency of the evidence before the grand jury," Commonwealth v. Galvin, 323 Mass. 205, 211-12 (1948), unless the grand jury abdicates its constitutional role and returns an indictment without receiving "any evidence of criminal activity by the defendant" (emphasis added), Commonwealth v. McCarthy, 385 Mass. 160, 163 (1983). A "grand jury must hear sufficient evidence to establish the identity of the accused" as well as "probable cause to arrest." Id. Judicial review of the grand jury's determination is limited to considering the evidence presented "in the light most favorable

6

to the Commonwealth."  Commonwealth v. Truong Vo Tam, 49 Mass. App. Ct. 31, 31 (2000).

We reject the defendant's various claims challenging the evidence presented to the grand jury.  The defendant repeatedly criticizes the motion judge's reasoning, but our review is de novo without deference to the judge's rationale.  See Barlow-Tucker, 493 Mass. at 204.  We also do not weigh the evidence or entertain possible competing inferences suggested by the defendant.  See Truong Vo Tam, 49 Mass. App. Ct. at 31. Furthermore, evidence before the grand jury is not insufficient or untrustworthy merely because some testimony may be inadmissible at trial or vulnerable to cross-examination.  See McCarthy, 385 Mass. at 162 ("indictment may be based solely on hearsay"); Galvin, 323 Mass. at 211-212 (1948) (courts do not inquire into competency of evidence before grand jury); Mass. G. Evid. § 1101(c)(2) (2025) (apart from sections on privileges, guide to evidence does not apply to "[p]roceedings before grand juries").  "Because the grand jury does not finally adjudicate guilt or innocence, it has traditionally been allowed to pursue its investigative and accusatorial functions unimpeded by the evidentiary and procedural restrictions applicable to a criminal trial."  United States v. Calandra, 414 U.S. 338, 349 (1974). Evidence before the grand jury here established that the victim

informed the police that the defendant provided alcohol to her when she was under twenty-one, had sexual intercourse with her in the woods of Scituate when she was fifteen, posed or exhibited her engaged in sexual conduct in Scituate and Duxbury when she was under eighteen, possessed images depicting their sexual conduct in Scituate and Duxbury when she was under eighteen, and disseminated images depicting her in a state of nudity when she was under the age of eighteen. Viewed in a light most favorable to the Commonwealth, this evidence, even if based on hearsay, established probable cause for the indictments at issue. See Calandra, 414 U.S. at 344-345 ("grand jury's sources of information are widely drawn, and the validity of an indictment is not affected by the character of the evidence considered").

2. Trial. a. Sufficiency of Evidence. We disagree with the defendant's contention that the Commonwealth failed at trial to present sufficient evidence of rape of a child and possession and dissemination of the video recordings. Viewing the evidence in a light most favorable to the Commonwealth, "[a]ny rational trier of fact could have found the essential elements of the crime[s] beyond a reasonable doubt" (citation omitted). Commonwealth v. Latimore, 378 Mass. 671, 677 (1979).

Contrary to the defendant's claim, jurors could conclude from the evidence that the victim was under the age of sixteen when she and the defendant had sexual intercourse. See G. L. c. 265, § 23 (prohibiting sexual intercourse with child under the age of sixteen). The victim so testified, repeatedly on direct and cross-examination, that they first had sex when she was "[f]ifteen," and had sex "at least once before I turned 16." To establish her age at the time of the event, nothing more than the victim's testimony was required to survive a motion for a required finding of not guilty. See Commonwealth v. Santos, 100 Mass. App. Ct. 1, 3 (2021) ("sworn testimony of the victim of a sexual assault, including rape, is evidence of the facts asserted" and standing alone suffices to support conviction). Because this evidence must be viewed in a light most favorable to the Commonwealth, notwithstanding the absence of corroborating evidence or the presence of conflicting evidence, the judge properly denied the motion for a required finding of not guilty.

Evidence also contradicts the defendant's claim that he neither possessed nor disseminated the two video recordings (created in Scituate and Duxbury) depicting nudity and sex with the victim. Because the victim testified that the defendant "sent" the Scituate video recording to her, sent the "videos" to

9

her, and "record[ed]" the Duxbury video recording, jurors could logically conclude that the defendant possessed and disseminated the material depicted in the video recordings.  See G. L. c. 272, § 29B (a) (prohibiting dissemination of material depicting child under eighteen in state of nudity); G. L. c. 272, § 29C (vii) (prohibiting possession of material depicting child under eighteen engaging in sexual conduct).  The defendant argues that because the victim testified that she was "not positive" whether the Duxbury video recording was made with the defendant's cell phone or her cell phone, he was entitled to a required finding of not guilty on charges related to that video recording.  We disagree.  The device used to make the recording is not determinative.  Assuming the defendant borrowed the victim's cell phone to create the Duxbury video recording, jurors could reasonably infer that he possessed the Duxbury video recording and disseminated it to her by returning her cell phone.  Thus, whether he created the Duxbury recording on his own cell phone and sent it to her electronically or created the Duxbury video recording on the victim's cell phone and gave the cell phone to her, the defendant both possessed and disseminated the contents of the cell phone.

b.  Closing argument.  Although the defendant objected to only one phrase in the prosecutor's closing argument, he now

10

raises four claims on appeal.  None of these claims evince an error that merits relief.

The prosecutor argued that the defendant and the victim "had sex pretty much right off the bat."  Noting the defendant's objection, the judge concluded, "I do think there is some basis to infer that [sex] was early" in their relationship.  Given the timeline of their relationship, this argument was fair.  They met in the summer and first had sex sometime before her sixteenth birthday in the middle of August.  Thus, they necessarily started a sexual relationship within weeks (June through the middle of August) of meeting, which could arguably be considered "pretty much right off the bat" as the prosecutor put it.  Especially given the judge's instruction that arguments are not evidence, and the ability of jurors to evaluate the timeline for themselves, we discern no error and no prejudice.  See Commonwealth v. Chism, 495 Mass. 358, 401 (2025) (review for prejudicial error where objection raised to closing argument).

As to the remaining claims, raised for the first time, the prosecutor's arguments did not amount to an error creating a "substantial risk of a miscarriage of justice."  Commonwealth v. Freeman, 352 Mass. 556, 564 (1967).  In his brief, the defendant claimed the prosecutor falsely said, "he finally admits it [in his statement]" but the prosecutor actually said, "Listen to how

11

he finally admits it.  Kind of like I had sex with her once," and encouraged jurors to watch the video recording of his statement and trace the denials evolving into an admission.  He next contends that the prosecutor misstated the evidence by saying that the defendant "sent" the video recordings to the victim, but evidence showed that the defendant disseminated the video recordings either by creating them on his cell phone and sending video recordings to the victim's cell phone or by borrowing the victim's cell phone to create the video recordings and returning the cell phone to her.  Finally, the defendant claims that the prosecutor misstated the evidence by saying that the defendant "keeps reaching out, and . . . makes her feel overwhelmed to finally" talk to a counselor, but the evidence showed that on cross-examination the victim testified, "That's why I had wanted to talk to my counselor because I was just kind of overwhelmed, and I wanted him to stop reaching out to me." Bearing in mind that "[a] prosecutor's argument may be based not only on the evidence, but also on the fair inferences to be drawn from it," Commonwealth v. Phillips, 495 Mass. 491, 502

(2025), we discern no error.  That alternative arguments may be made does not render the arguments improper.

Judgments affirmed.

By the Court (Meade, Walsh & Hodgens, JJ.[1]),

Clerk

Entered:  September 26, 2025.

---

[1] The panelists are listed in order of seniority.

13